McCORD, Judge.
Appellant was found guilty by jury of first degree murder. This is an ap *758 peal from the judgment and sentence to life imprisonment. Appellant has raised several points upon which she contends there should be a reversal. One of these points (but only one) does require reversal. Prior to trial, appellant filed a motion to suppress a confession made by appellant to a deputy sheriff. The motion was not heard prior to trial and at the trial, the deputy testified to the statement in the presence of the jury. Before playing the recorded confession for the jury, a conference was had by counsel at the bench. The court did not have the court reporter report the bench conference; and we, therefore, do not know what was said, but following the conference, the court announced
“Prior to this, counsel for the defense has filed a motion to suppress the statement, and the court is of the opinion the statement is admissible, and rules it admissible into evidence.”
Appellant’s counsel contends that the trial judge should have determined the volun-tariness of the confession in a hearing outside of the presence of the jury before presenting it to the jury; that he was not given an opportunity to present any evidence regarding the voluntariness of the confession nor to cross examine the deputy with regard to the condition of the appellant at the time the confession was made; that the holding of these proceedings in the presence of the jury was prejudicial to appellant. We agree and must reverse. See Land v. State, Fla., 293 So.2d 704; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; and In Interest of Husk, a child v. State (opinion on petition for rehearing), Fla.App., 305 So.2d 19, opinion filed this date.
We will also comment on one additional point raised by appellant. She contends the trial court erred in admitting over objection of counsel evidence of a ballistics experiment or test conducted by witness Cooper and in refusing to grant a mistrial instead of attempting to cure the error by an instruction to the jury. Witness Cooper testified to this ballistics test without having been qualified as an expert in ballistics. The trial court allowed the testimony to go to the jury but later ruled it inadmissible, struck it, and instructed the jury to disregard it. Appellant contends the trial court should have granted his motion for a mistrial. The trial court correctly ruled this testimony to be inadmissible, and it should not be allowed to go before the jury upon a retrial of the case.
Reversed for a new trial.
RAWLS, C. J., and BOYER, J., concur.