443 So.2d 1072 (1984)
James Arthur TOWNSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. AR-65.
District Court of Appeal of Florida, First District.
January 18, 1984.
*1073 Judith J. Dougherty, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Gregory C. Smith, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant appeals his conviction, after trial by jury, of dealing in stolen property in violation of section 812.019, Florida Statutes. The evidence does not support a finding that appellant was trafficking in or endeavoring to traffic in stolen property, as charged under that statute. We reverse.
The evidence at trial showed that on February 25 and 26, 1982, appellant met with several other men (who were his codefendants at trial) in Tallahassee, Florida, for the purpose of taking possession of a 1982 Mercedes Benz, worth approximately $44,000, which had been stolen in Texas a day or two earlier. The evidence supports a conclusion that appellant paid $10,000 in cash plus transfer of his 1977 Cadillac, which was in bad repair and worth only approximately $2,000, in exchange for the Mercedes.
The evidence was sufficient to create an inference that appellant was guilty of theft, in violation of section 812.014, Florida Statutes, since it showed that appellant purchased the Mercedes at a price substantially below the fair market value and that the low purchase price was not satisfactorily explained. § 812.022(3), Fla. Stat. However, appellant was not charged with theft under section 812.014, but instead he was charged under section 812.019 with "dealing in stolen property." Under that statute: "(1) Any person who trafficks in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree... ." Section 812.012(7) defines "traffic" to mean:
(a) To sell, transfer, distribute, dispense, or otherwise dispose of property.
(b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property. (Emphasis added.)
Absolutely no evidence was presented at trial to show that appellant was trafficking in or endeavoring to traffic in the stolen property. The only reasonable inference from the evidence presented is that appellant was purchasing the Mercedes for his own personal use and did not intend to sell, transfer, or otherwise dispose of it. Thus, as a matter of law, appellant cannot be convicted of dealing in stolen property under section 812.019, Florida Statutes. Therefore, the trial judge erred in denying appellant's motion for judgment of acquittal with respect to that charge. The state's response that a reasonable inference to be adduced from the evidence is that some day in the future appellant will turn over his used Mercedes to some person, as he did *1074 the Cadillac, and, in that manner, he was trafficking, is unpersuasive. We decline to so contort the definition of "trafficking."
REVERSED and REMANDED to the trial court for entry of an order granting appellant's motion for judgment of acquittal on the charge of dealing in stolen property.
LARRY G. SMITH and NIMMONS, JJ., concur.