477 So.2d 649 (1985)
Kevin GRIMES, Robert L. Jones and James Jenkins, Appellants,
v.
STATE of Florida, Appellee.
No. BA-269.
District Court of Appeal of Florida, First District.
October 29, 1985.
Michael E. Allen, Public Defender, and Kenneth L. Hosford, Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellants appeal their convictions, entered pursuant to pleas of nolo contendere, of dealing in stolen property, in violation of section 812.019, Florida Statutes. We reverse.
As a result of the same criminal act, appellants also were charged with food stamp fraud in violation of section 409.325(2), Florida Statutes. In entering their nolo pleas on both charges, appellants specifically reserved the right to appeal the denial of their motions to dismiss the charges of dealing in stolen property. They had filed motions to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) stating: (1) The bases for the charges of dealing in stolen property were the allegations that appellants had purchased food stamps which they knew were stolen; (2) no other actions by appellants were the bases of those charges; and (3) the mere buying or possessing of stolen items does not constitute dealing in stolen property. The State filed a demurrer to the motions, admitting statements (1) and (2) but pointing out that food stamps have value only as negotiable instruments to be used for the purchase of food, and stating that (3) above is a mere conclusion of law made by appellants.
Section 812.019, Florida Statutes, describes dealing in stolen property as trafficking in or endeavoring to traffic in stolen property. Section 812.012(7) defines the term "traffic" as follows, in pertinent part:
(b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.
We accept the State's argument that since food stamps have no intrinsic value but are valuable only as negotiable instruments for the purchase of food, the mere buying or possession of food stamps creates an inference of an intent to "dispose" of them at least by trading them at a store for food. However, we decline to adopt the State's further position, and defense counsel's apparent concession at the motion hearings, that the inferred intent merely to tender food stamps at a store in exchange for food can support a charge of *650 dealing in stolen property within the meaning of sections 812.019 and 812.012(7).
We concede that to trade stolen food stamps at a store for food is a form of transfer, distribution, dispensation, or disposition of the stamps. However, in our view, the legislature did not intend that type of activity to be included in the proscriptions of section 812.019. The trading of food stamps for food amounts to personal use of the stamps since, due to their intrinsic nature, as argued by the State, that is the only legitimate manner in which they can be used by their holder. Evidence of theft only, with the intent personally to put the stolen item or items to normal use, constitutes only the crime of theft and not the crime of trafficking or dealing in stolen property within the meaning of chapter 812, Florida Statutes,[1] even if the normal use is achieved by some form of transfer, distribution, dispensation, or disposition of the item.
Based on the above reasoning, we hold that appellants' 3.190(c)(4) motions should have been granted. The point raised by appellants in regard to the denial of other motions to dismiss the charges of dealing in stolen property are rendered moot by this holding. Appellants' convictions of food stamp fraud are not affected by this opinion.
REVERSED for further proceedings consistent with this opinion.
SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] See Townsley v. State, 443 So.2d 1072 (Fla. 1st DCA 1984) and Lancaster v. State, 369 So.2d 687 (Fla. 1st DCA 1979).