REVISED OPINION
PER CURIAM.
This is an appeal by the defendants Birin-derjit Singh and Suchpreet Dhillon from judgments of conviction and sentences for (1) organized fraud [§ 817.036, Fla.Stat. (1985) ], (2) first-degree grand theft [§ 812.-014(1), (2)(a), Fla.Stat. (1985) ], and (3) dealing in stolen property [§ 812.019(1), Fla. Stat. (1985)], based on an adverse jury verdict returned below; this is also an appeal by the defendant Sundeep Kumar from judgments of conviction and sentences on charges (1) and (2), stated above, based on the same adverse jury verdict. The defendants raise various points on appeal, one of which we think is dispositive.
We conclude that the trial court committed reversible error in denying the defendants’ motion for a judgment of acquittal on all of the above charges because, on this record, there was utterly no proof adduced below that any of the airline tickets with which the defendants allegedly dealt in this case — including the Air India tickets which the defendants exchanged for other airline tickets in Miami — were stolen property, much less that the defendants had knowledge that any of these tickets were stolen. At worst, it was merely shown that the first airline ticket purchased in Zambia was thereafter taken out of the country in violation of certain Zambian currency restrictions; this currency-restriction violation in no sense converted the subject airline ticket into stolen property. This being so, all the charges against the defendants must necessarily fall as no showing was ever made below of an organized fraud, a theft, or a dealing in stolen property as charged in the information. See Jaramillo v. State, 417 So.2d 257, 257 (Fla.1982); Davis v. State, 90 So.2d 629, 631-32 (Fla.1956); Townsley v. State, 443 So.2d 1072, 1073 (Fla. 1st DCA 1984); Walton v. State, 404 So.2d 776, 777-78 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 471 (Fla.1982).
The final judgments of conviction and sentences under review are reversed, and the cause is remanded to the trial court with directions to discharge the defendants from the cause.
Reversed and remanded.