PATTERSON, Judge.
The appellant contests his conviction and sentence for dealing in stolen property and for delivery of cocaine respectively under sections 812.019(1) and 893.13(l)(a), Florida Statutes (1989). Although the appellant raised four points on appeal, the only one we find to have merit is his contention that the state failed to prove the necessary intent to traffic in or to endeavor to traffic in stolen property. We agree.
The record reflects the appellant purchased quantities of purportedly stolen alcohol and cigarettes from undercover police officers on three separate occasions. The appellant testified that he purchased the items for other family members, for friends, and for himself and that he had consumed alcohol since the age of twelve. Law enforcement observed open liquor containers in the appellant’s home. The appellant also suspected the items were stolen due to their undervalued price.
The state presented no evidence that the appellant made any disposition of or intended to dispose of the cigarettes and alcohol other than to use them for personal consumption. The facts clearly support a conviction of theft under section 812.014, Florida Statutes (1989). However, the prosecutor chose not to charge the appellant with that offense. Instead, the appellant was charged with dealing in stolen property under section 812.019(1), Florida Statutes (1989). See Townsley v. State, 443 So.2d 1072 (Fla. 1st DCA 1984). Evidence of theft only, with the intent to personally put the stolen items to their normal use of consumption, constitutes only the crime of theft and not the crime of dealing in stolen property under the meaning of section 812. 019(1). Grimes v. State, 477 So.2d 649 (Fla. 1st DCA 1985); Townsley, 443 So.2d at 1073.
Therefore, while the appellant’s conviction for delivery of cocaine is affirmed, we reverse his conviction and sentence for dealing in stolen property under section 812.019(1), Florida Statutes (1989), and remand to the trial court for resentencing after preparation of a new scoresheet.
DANAHY, A.C.J., and ALTENBERND, JJ., concur.