968 So.2d 108 (2007)
Raylando SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4622.
District Court of Appeal of Florida, Fourth District.
November 21, 2007.
*109 Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, Thomas A. Palmer and Richard Valuntas, Assistant Attorneys General, West Palm Beach, for appellee.
GROSS, J.
In this case, we find no due process violations in the trial court's failure (1) to make a specific, on-the-record finding as to the voluntariness of the defendant's statement and (2) to conduct a voluntariness hearing outside the presence of the jury. Under the facts of this case, we also hold that no due process violation occurred when the trial judge scheduled jury selection on 24-hours notice, four days before a Monday trial date that had been set six weeks before.
By a two count information, Raylando Smith was charged with lewd or lascivious molestation in violation of section 800.04(5)(a), and lewd or lascivious conduct in violation of sections 800.04(6)(a) and (b), Florida Statutes (2004).
On July 12, 2004, the public defender's office was appointed to represent Smith. On February 1, 2005, the assistant public defender handling the case filed a motion to suppress Smith's statements. The motion alleged that the Miranda warnings were inadequate because they failed to tell Smith of his right to stop answering questions at any time. The motion also claimed that (1) the statements were not voluntary, but were the result of physical and psychological force and the use of threats, tricks, and promises; (2) the defendant had invoked his right to counsel, and (3) Smith was not mentally capable of resisting the coercive interrogation techniques used by the police.
While the public defender's office was guiding the defense, the case was continued or reset three times. The assistant public defender did not request a hearing on the motion to suppress because he anticipated that the case would be resolved by an open plea to the court.
Smith's family hired a private lawyer, Michael Minardi, and he substituted into the case on May 23, 2005. At a May 31 hearing, Minardi told the court that he could not be ready by the June 13 trial date. The judge granted a continuance and reset the case for July 5. The week of July 5, Minardi moved for a continuance to review deposition transcripts of the victim and her mother. The judge granted the motion and set the trial for a two-week trial docket beginning August 22. From May 23 until the time the trial began, Minardi did not call the motion to suppress up for a hearing.
On August 17 at noon, the trial judge notified the parties to be in court the next day at 9:00 a.m. to select a jury for a trial to begin on Monday, August 22. On August 18, Minardi told the court that he was not prepared to conduct jury selection, because he "had planned on working on jury selection and things of that nature [over] this weekend." Minardi said "it *110 would be prejudicial for Defendant if I'm not prepared." The judge responded that Minardi had been counsel of record since May 23, the case was previously set for trial on July 7, and that he was "hard pressed to understand" why a lawyer as "qualified" and "experienced" as Minardi would have "difficulty in selecting a jury." The judge determined that jury selection would begin as scheduled that day.
The court reconvened after a 90-minute recess, and the judge explained the voir dire process to the venire. The trial court and the prosecutor questioned the panel members in the morning. After a one hour and forty-five minute luncheon recess, the prosecutor continued with his questions. After a short break, Minardi began to question the jurors. His performance was far more than competent; he exercised peremptory and cause challenges which were granted by the court.
At trial, the state called Detective Juanita Reid as a witness. The state questioned Detective Reid about the statements she obtained from Smith. Reid testified that before speaking with Smith, she gave him his Miranda warnings. After Reid read each warning, Smith placed his initials on the area of the form card left blank for that purpose. Smith's mother witnessed the Miranda ceremony between the detective and her son. After Smith signed the Miranda form waiving his rights, the detective began to speak with him; the interview was digitally recorded. Smith's mother was in the room during the interview. When the state moved to admit the DVD into evidence, Minardi objected.
The Court: Any objection or voir dire?
Mr. Minardi: Judge, just object. I don't think it's a freely and voluntarily given statement.
The Court: The Court admits State's B in evidence as State's 3.
Smith first argues that the trial court committed a due process violation under Article I, Section 9 of the Florida Constitution by calling his case for jury selection four days before the previously scheduled trial date. This ground was not preserved by a proper objection, nor did it amount to a constitutional violation.
Minardi's complaint that it would be "prejudicial" to the defendant to proceed with voir dire on August 18 was insufficiently specific to preserve the due process objection. A legal argument or objection is "preserved" when it is "sufficiently precise" to "fairly apprise[] the trial court of the relief sought and the grounds therefor." § 924.051(1)(b), Fla. Stat. (2006); Williams v. State, 414 So.2d 509, 511 (Fla.1982); Phillips v. State, 877 So.2d 912 (Fla. 4th DCA 2004). A complaint that a ruling is "prejudicial" lacks the necessary precision to preserve an objection; many things in a trial are "prejudicial" to a defendant without being unconstitutional. For example, properly admitted evidence of criminal conduct is prejudicial to a defendant, but not improper. A non-preserved, non-fundamental error may not be the basis of a reversal on appeal. See § 924.051(3), Fla. Stat. (2006).
Addressing the merits of this due process claim, we find no reversible error. As Smith points out, procedural due process requires adequate notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Boddie v. Connecticut, 401 U.S. 371, 378, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). Due process requires that notice "be `reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as *111 reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.'" N.C. v. Anderson, 882 So.2d 990, 993 (Fla.2004) (citing Mullane v. Cen. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).
This case fits within these parameters of fair notice. The trial was set over a year after a lawyer was originally appointed. The case was continued or reset three times before Minardi filed his appearance and two times afterwards. The court gave Minardi 24 hours notice before requiring him to begin his part of the voir dire. After two continuances and three months on the case, that was sufficient time for Minardi to prepare for jury selection. Managing a busy docket in an urban area requires trial judges to efficiently use court time. Conducting jury selection at the end of a week for a trial to commence the following Monday is effective case management. This was not a situation where the court violated a specific rule of criminal procedure, see Albritton v. White, 948 So.2d 852 (Fla. 2d DCA 2007), or did not allow sufficient time for compliance with a court order to appear. See Cruz v. State, 822 So.2d 595 (Fla. 3d DCA 2002). Both Smith and his attorney were able to appear for jury selection. Due process is not measured by what is most convenient for defense counsel.
Smith's second point on appeal is that the trial court violated due process when it failed "to specifically find on the record that the defendant's confessions were voluntarily made before admitting them." He also argues that the trial court erred by failing to "stop the proceedings" to conduct a hearing where Smith and his mother would have been allowed to testify about the claims of coercion raised in the motion to suppress.
Florida has "modified the strict requirement" that an express finding of voluntariness of a defendant's statement must appear in the record. Johnson v. State, 696 So.2d 326, 331 (Fla.1997) (quoting Antone v. State, 382 So.2d 1205, 1212 (Fla. 1980)). Ideally, the "trial judge should specify his conclusions concerning the voluntariness of a disputed confession or inculpatory statement." Id. And, "it is the better practice for the trial court to exclude the jury on the court's own motion when it perceives that the state is about to put on testimony of a confession." Morris v. State, 310 So.2d 757, 760 (Fla. 1st DCA 1975). But, "due process is not offended when the issue of voluntariness is specifically before the judge and he determines that the statements are admissible without using the magic word `voluntary.'" Johnson, 696 So.2d at 331, (quoting Antone, 382 So.2d at 1213).
This case is controlled by Morris. Similar to this case, Morris involved a motion to suppress a confession that was not heard prior to the trial. At trial, in the presence of the jury, a deputy testified to the defendant's statement. 310 So.2d at 758. Before playing the recorded confession, there was an unreported bench conference, followed by the court ruling that the statement was "admissible in evidence." Id. On appeal, the defendant complained that the judge failed to determine the voluntariness of his confession outside the jury's presence and that he was neither given a chance to cross-examine the deputy nor allowed to present evidence bearing on voluntariness. Id.
On rehearing, the first district rejected both of the defendant's arguments. Id. at 758-59. Relying on Wilson v. State, 304 So.2d 119 (Fla.1974), the court held that the absence of a specific ruling on voluntariness was not required when "there was no evidence presented which reflected that *112 the confession was anything other than voluntary." Morris, 310 So.2d at 759. Next, the first district found no error in the trial court's failure to hold a voluntariness hearing outside the presence of the jury, where defense counsel did not request such a hearing. Id. at 760. The court recognized that if a court finds a confession to have been involuntarily given, and the jury has heard the confession, then a new trial will "in all probability be required." Id.
In this case, Attorney Minardi made a perfunctory objection as to voluntariness before the DVD was admitted into evidence. Although the trial judge offered him the chance to question the detective about the confession ("Any objection or voir dire?"), the defense attorney did not cross-examine the detective, did not request a hearing outside the presence of the jury, and did not seek to call Smith or Smith's mother to pursue a claim of coercion. The only evidence before the court was that the statement was voluntary Smith came to the police station for questioning, he was not under arrest, his mother was present during the interview, and he acknowledged receiving Miranda warnings. Nothing in the video recording suggested that the statement was coerced. Applying Morris and Johnson, we find no due process violation in the trial judge simply overruling Minardi's objection and failing to hold a voluntariness hearing outside the jury's presence prior to admission of the DVD.
Affirmed.
WARNER and KLEIN, JJ., concur.