22 So.3d 859 (2009)
James PITTMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-2524.
District Court of Appeal of Florida, Third District.
December 9, 2009.
*860 Carlos J. Martinez, Public Defender, and Robert Kalter and Jessica Zagier Wallace, Assistant Public Defenders, for appellant.
Bill McCollum, Attorney General, and Lane Hodes, Assistant Attorney General, for appellee.
Before GERSTEN and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.

ON MOTION FOR REHEARING
SHEPHERD, J.
On consideration of the State's motion for rehearing and motion for rehearing en banc, this Court grants the motion for rehearing, withdraws its previous opinion, and substitutes the following opinion.
Appellant, James Pittman, seeks review of a jury verdict finding him guilty of lewd or lascivious battery, § 800.04(4)(a), Fla. Stat. (2006), as a lesser included offense of the primary charge of sexual battery, § 794.011(3), Fla. Stat. (2006). Pittman argues the information by which he was charged, which correctly specified the age range for the charge of sexual battery victims twelve years of age or olderdid not adequately inform him he would be subject to conviction on the lesser charge of lewd or lascivious battery, which specifies an age range of twelve years of age or older but less than sixteen years. We find Pittman's argument has merit and reverse the judgment of conviction and sentence in this case.

FACTS AND PROCEDURAL HISTORY
On April 12, 2006, the State charged Pittman with sexual battery with a deadly *861 weapon in violation of section 794.011(3), and kidnapping with a weapon in violation of sections 787.01(2) and 775.087 of the Florida Statutes (2006). The next year, interpreting the 1999 amendments to section 800.04, see ch. 99-201, § 6, Laws of Fla., the Florida Supreme Court held in Williams v. State, 957 So.2d 595 (Fla. 2007), that despite its absence from the Schedule of Lesser Included Offenses for sexual battery contained in the Standard Jury Instructions in Criminal Cases, see Fla. Std. Jury Instr. (Crim.) Schedule of Lesser Included Offenses, § 800.04, the crime of lewd or lascivious battery under section 800.04(4)(a) is a permissive lesser included offense of a sexual battery found under section 794.011(3).
Armed with this new authority, the prosecutor in this case announced in open court just before jury selection that, in an effort not to delay the trial, she intended to request the jury be charged on both sexual battery with a deadly weapon and lewd or lascivious battery. Although invited by the court to do so, she declined to amend the information to expressly allege a section 800.04(4)(a) violation.
Defense counsel strenuously objected to the State's announcement, noting the lewd or lascivious battery charge would undermine her prepared defense of consent, and arguing she would have sought an independent analysis of the DNA evidence provided by the State had she known the State intended to pursue lewd or lascivious battery, a charge for which consent was not a defense. See § 800.04(2), Fla. Stat. (2006). The court overruled the defense objection and allowed the instruction to be given to the jury, who ultimately acquitted Pittman of kidnapping and sexual battery, crimes which could be undermined by a defense of consent, but convicted him of lewd or lascivious battery, which could not be.

ANALYSIS
Article I, section 16(a) of the Florida Constitution, states:
In all criminal prosecutions the accused shall ... be informed of the nature and cause of the accusation, and shall be furnished a copy of the charges, and shall have the right ... to be heard in person, by counsel or both, and to have a speedy and public trial by impartial jury in the county where the crime was committed.
This provision of Florida's Declaration of Rights, together with a nearly identical provision in the United States Constitution, see U.S. Const., amend. VI,[1] establishes one of the cornerstones of western jurisprudence, that those against whom the State wishes to exercise its power and authority be accorded due process of law. See, e.g., Smith v. State, 968 So.2d 108, 110 (Fla. 4th DCA 2007) (noting due process consists of "adequate notice and an opportunity to be heard `at a meaningful time and in a meaningful manner'") (quoting Boddie v. Connecticut, 401 U.S. 371, 378, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971)); Ray v. State, 403 So.2d 956, 959 (Fla.1981) ("No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that *862 charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.") (quoting Cole v. Arkansas, 333 U.S. 196, 201, 68 S.Ct. 514, 92 L.Ed. 644 (1948)). See also Bedford v. State, 970 So.2d 935, 938 (Fla. 4th DCA 2008) ("Generally it is a denial of due process to convict on a crime not charged.").
One area that has long vexed Florida courts in light of the above-quoted principle of "meaningful notice" is ensuring this due process requirement is met in cases dealing with lesser included offenses. In Brown v. State, 206 So.2d 377, 380 (Fla. 1968), overruled, in part, on other grounds, In re Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981), modified, 431 So.2d 599, the Florida Supreme Court sought to comprehensively address the issue of lesser included offenses in an effort to provide "a definitive statement of applicable rules for the guidance of Florida courts." After exploring the historical evolution of lesser included offenses dating back to Blackstone, see id., the court set forth four categorieslater reduced to two in In re Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d at 596of possible lesser included offenses: "(1) Crimes divisible into degrees[;] (2)[a]ttempts to commit offenses[;] (3)[o]ffenses necessarily included in the offense charged[; and] (4)[o]ffenses which [m]ay or may not be included in the offense charged, depending on the accusatory pleading and the evidence." Id. at 381 (emphasis added).
The Brown court held that in this final category of offenses, those "which [m]ay or may not be included in the offense charged," id.,now commonly known as permissive lesser included offensesthe permissibility of the charges was "depend[ent] upon, (a) the accusatory pleading, and (b) the evidence at the trial[,]" and explained that:
In this category, the trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense. ... If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense. If the allegata and probata are present then there should be a charge on the lesser offense.
Id. at 383 (emphasis added). Applying this rule in Williams, the Florida Supreme Court was satisfied that both requirements were met. As the Court stated, the State charged both that the defendant committed an act meeting the definition of sexual activity [within the meaning of section 800.04 of the Florida Statutes], and that the victim was twelve years of age or older but less than sixteen years of age. Williams, 957 So.2d at 599 (emphasis added) (An instruction on a permissive lesser included offense is appropriate only if the allegations of the greater offense contain all the elements of the lesser offense and the evidence at trial would support a verdict on the lesser offense.). In contrast, the age range for the offense of lewd or lascivious battery was not alleged in the case presently before us. Indeed, there was nothing in the information from which Pittman could divine the State wished to punish him for this crime. As Williams suggests, such error is fundamental in our constitutional system and compels redress.
Although it is doubtful that a showing of prejudice is required in cases such as this, where the error is structural in nature, see, e.g., Price v. State, 995 So.2d 401, 405 (Fla.2008); State v. Gray, 435 So.2d 816, 818 (Fla.1983) (holding that where the charging instrument completely fails to charge a crime, the conviction violates *863 due process), it nevertheless is clear the States eleventh-hour announcement on the day of trial prejudiced the defendant in this case.[2]
For these reasons, we reverse the judgment of conviction and sentence. In accordance with a proper acknowledgment by counsel for Appellant, our reversal is without prejudice to the State to file a further information as to lewd or lascivious battery.
Reversed and remanded with directions.
GERSTEN, J., concurs.
SCHWARTZ, Senior Judge (dissenting).
I cannot believe, much less agree, that the meaningless, super-technical "mistake" in this case  the failure of the information to allege specifically what everyone knew to be true, that the victim was under sixteen  should result in the negation, for a new, wrenching and utterly senseless trial, of an otherwise spotless conviction for a crime not only fully established by the evidence but essentially uncontradicted. See Bowden v. State, 642 So.2d 769 (Fla. 1st DCA 1994), review denied, 651 So.2d 1192 (Fla.1995); Padgett v. State, 519 So.2d 663 (Fla. 4th DCA 1988), cause dismissed, 525 So.2d 880 (Fla.1988); Blow v. State, 386 So.2d 872 (Fla. 1st DCA 1980), petition for review denied, 392 So.2d 1372 (Fla.1981).
In my view, the reversal in this case makes a mockery of the rules against indulging legalisms for the sake of indulging legalisms. See Langdon v. State, 947 So.2d 460, 464, n. 11 (Fla. 3d DCA 2006) (Schwartz, Senior Judge, dissenting); Doctor v. State, 677 So.2d 1372, 1373-74 (Fla. 3d DCA 1996) (Schwartz, C.J., specially concurring), approved, 698 So.2d 1224 (Fla. 1997). Indeed, the fact that the defendant succeeded at the trial as to his only defense to the sexual battery charge, consent, which is not a defense to the lesser lewd and lascivious charge of which he was convicted and sentenced below, conclusively establishes the complete propriety of that result. It is a mystery, apparently resolvable only by combining the jurisprudential observations of Mr. Bumble, see Kukral v. Mekras, 647 So.2d 849, 851 & n. 1 (Fla. 3d DCA 1994) (Jorgenson, J., dissenting), quashed, 679 So.2d 278 (Fla. 1996), and Benjamin N. Cardozo, see Langdon; Doctor, why the majority decides otherwise.
NOTES
[1] The Sixth Amendment to the United States Constitution reads as follows:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.
[2] This is so even though defense counsel almost certainly knew, or at least had the ability to know through discovery provided by the State, that the victim was fourteen-years old at the time of the offense. In any criminal case, facts creating the elements of additional uncharged crimes might arise during pretrial discovery, but the State ultimately might choose not to charge those crimes. It is apodictic that discovery supplied by the State or actual knowledge by defense counsel cannot function as a substitute for constitutionally required notice.