SHEPHERD, J.
J.O., a juvenile, appeals an adjudication of guilt of the crime of grand theft. Because this crime was not charged in the *804 petition filed against him, we reverse the adjudication.
This case arises out of the theft of a motor scooter. On March 5, 2008, the victim, Joe Weatherby, reported his scooter stolen from his home in Key West, Florida. About two-and-one-half-months later, Officer Keohane of the Key West Police Department saw a juvenile driving the scooter. The juvenile told the officer he had borrowed the scooter from J.O.
Officer Keohane went to J.O.’s house and questioned him. J.O. confirmed he lent the scooter to the juvenile, and explained he had purchased it from an individual named Danny for $1200. Weath-erby testified that after the scooter was returned to him, J.O. went to Weather-by’s house and told him his brother had stolen the scooter. J.O. then asked permission to retrieve his baseball cap and computer discs left inside the scooter seat. Officer Keohane admitted there was no evidence suggesting J.O. ever intended to sell the scooter, or that J.O. did anything with the scooter other than possess it and loan it to a friend.
J.O. was charged with “trafficking] in, or endeavoring] to traffic in, a scooter, which was property [of] Joe Weatherby, [which J.O.] knew or should have known was stolen, contrary to Florida Statute 812.019(1).” The trial court concluded the evidence was insufficient to establish J.O. trafficked in stolen property. However, the court proceeded to find him guilty of grand theft, a category two lesser-included offense of trafficking, which was not charged in the petition. In so doing, the court reversibly erred.
A conviction based upon a category two lesser-included offense is sustainable over a proper objection[1] only if: (1) the charging document includes all of the elements of the lesser; and (2) the evidence admitted would support a conviction on the lesser. See Brown v. State, 206 So.2d 377, 388 (Fla.1968); Pittman v. State, 22 So.3d 859 (Fla. 3d DCA 2009); see also Neals v. State, 962 So.2d 926, 928 (Fla. 4th DCA 2007) (finding no merit in defendant’s assertion that trial judge reversibly erred in refusing to charge jury on the offense of theft under section 812.014, where information only charged defendant with trafficking under section 812.019(1) because “the elements of [theft] were not included within the charging document”) (citing Moore v. State, 932 So.2d 524, 527 (Fla. 4th DCA 2006)). In this case, although it is arguable that the second of this two-pronged test is met, the first is not.
The statute under which J.O. was charged, § 812.09(1), Fla. Stat. (2008), states that “[a]ny person who traffics in, or endeavors to traffic in, property that he or she knows was stolen shall be guilty of a felony of the second degree, punishable as provided in ss. 775.082, 775.083, and 775.084.” As used in this section, “traffic” means:
(a) To sell, transfer, distribute, dispense, or otherwise dispose of property, or
(b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.
§ 812.012(8).
The theft statute, set forth in section 812.014, provides, in relevant part:
*805 (1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or use, the property of another with the intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property, or
(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
§ 812.014(1), Fla. Stat. (2008) (emphasis added).
A careful review of the charging petition in this case reveals the State generally alleged a violation of the trafficking statute, without specifically setting forth any of the aforementioned elements of the offense. Thus, the petition naturally fails to set forth the elements substantiating a lesser charge of grand theft, and the crime therefore fails as a permissible lesser-included offense in this circumstance. See Townsley v. State, 443 So.2d 1072, 1073 (Fla. 1st DCA 1984) (holding “evidence was sufficient to create an inference that appellant was guilty of theft ... however appellant was not charged with theft under section 812.014, but instead was charged under section 812.019 with dealing in stolen property”).
As we have reaffirmed recently, no principle of procedural due process is more clearly established than notice of the specific charge and the opportunity to be heard in trial on the issues raised by that charge, if desired. See Pittman v. State, 22 So.3d 859, 861 (Fla. 3d DCA 2009) (citing Ray v. State, 403 So.2d 956 (Fla.1981)). These are among the constitutional rights of everyone accused in a criminal proceeding in all courts, state or federal. Pittman, 22 So.3d at 861. The order of the trial court adjudicating the defendant delinquent on the offense of grand theft in this case violates that basic principle.
Reversed.

. The objection made in this case during the defendant's motion for judgment of acquittal was that "the State charged J.O. with the wrong statute.” We find this argument sufficient to put the trial judge on notice he was departing from legal principle. See § 924.05(l)(b), Fla. Stat. (2008).