NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PEDRO LUIS RODRIGUEZ,    )
    )
    Appellant,    )
    )
v.    )    Case No. 2D16-271
    )
STATE OF FLORIDA,    )
    )
    Appellee.    )
_____ )

Opinion filed December 6, 2017.

Appeal from the Circuit Court for Hendry
County; James D. Sloan, Judge.

Howard L. Dimmig, II, Public Defender,
and Megan Olson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.

A jury convicted Pedro Luis Rodriguez of dealing in stolen property

(organizing). However, the trial court should have granted Rodriguez's motion for

judgment of acquittal because the State failed to prove an element of that crime.

The State charged Rodriguez with dealing in stolen property in violation of

section 812.019(2), Florida Statutes (2014).[1]  The charge stemmed from a controlled sale of stolen herbicide.  Months previously, a local farmer had discovered that an employee was stealing fuel.  The farmer agreed not to press charges if the employee repaid the cost of the fuel and cooperated with a Hendry County Sheriff's Office agricultural investigator, Detective White.  The employee agreed to give Detective White the names of anyone attempting to purchase "discount" farm supplies.  Rodriguez eventually propositioned the employee, and Detective White planned a controlled sale.

On the day of the controlled sale, Detective White provided three two-and-a-half-gallon containers of GlyStar Plus herbicide to the employee.  Hidden camera footage showed Rodriguez meeting with the employee, transferring the herbicide from the employee's truck into his own, and briefly discussing prospective deals.

At the close of the State's case at trial, Rodriguez moved for a judgment of acquittal, arguing in part that the State failed to present evidence that Rodriguez trafficked in the herbicide.  The trial court denied the motion, finding that the State had presented a prima facie case.  The jury found Rodriguez guilty, and the trial court sentenced him to sixty days in county jail followed by thirty-six months' probation.

In order to prove Rodriguez guilty of dealing in stolen property (organizing) the State had to show (1) that he initiated, organized, planned, financed, directed, managed, or supervised a theft of the herbicide and (2) that he trafficked in the herbicide.  § 812.019(2).  "Traffic" means "[t]o sell, transfer, distribute, dispense, or otherwise dispose of property" or "[t]o buy, receive, possess, obtain control of, or use

---

[1]The State also charged Rodriguez with grand theft in violation of section 812.014, Florida Statutes (2014), but nolle prossed the charge at the beginning of trial.

property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property." § 812.012(8)(a)-(b). During closing argument, the State posited that Rodriguez "made a phone call initiating the chain of events; the getting of that herbicide; and that then the defendant purchased that <u>with the intent to use it</u>. You heard about his farm, his equipment and he was using it." (Emphasis added.) On appeal, the State acknowledges that although there was no evidence that Rodriguez sold the herbicide to another person, Rodriguez trafficked by using the herbicide for a commercial farming project and thereby placing it "into the stream of commerce." <u>State v. Nesta</u>, 617 So. 2d 720, 721 (Fla. 2d DCA 1993) (holding that the sale of stolen jewelry to pawn broker constituted dealing in stolen property notwithstanding defendant's argument that he stole the jewelry for personal use and did not intend to place it into the stream of commerce). We disagree.

If Rodriguez organized the theft with the actual intent to use the herbicide on his own farm, his "intent to personally put the stolen items to their normal use of consumption, constitutes only the crime of theft and not the crime of dealing in stolen property." <u>Williams v. State</u>, 590 So. 2d 515, 516 (Fla. 2d DCA 1991). The gravamen of section 812.019 is the prohibition against knowingly transferring stolen property to another. "The dealing in stolen property 'statute was not designed to punish persons who steal for personal use. Rather it was designed to dismantle the criminal network of thieves and fences who knowingly <u>redistribute</u> stolen property.' " <u>Blackmon v. State</u>, 121 So. 3d 535, 542 (Fla. 2013) (emphasis added) (quoting <u>State v. Camp</u>, 596 So. 2d 1055, 1057 (Fla. 1992)).

The State has not submitted any case law supporting its proposition that a

defendant traffics in stolen goods by using them in an enterprise and later selling the product of that enterprise. Certainly, one who steals electricity with the intent to illuminate his marijuana grow house does not traffic in stolen electricity when he later sells cannabis grown under an illicitly powered sun lamp. We decline to expand the meaning of the trafficking statute through the artifice of the State's "stream of commerce" theory; in fact, we are forbidden to do so. § 775.021(1), Fla. Stat. (2014) (directing that provisions of the Florida Criminal Code "shall be strictly construed").

At most, the evidence in this case indicated that Rodriguez put the stolen herbicide to the "normal use of consumption,"—i.e. controlling weeds on his farm. Williams, 590 So. 2d at 516. Because the State failed to prove a prima facie case of dealing in stolen property, we reverse Rodriguez's conviction and vacate his sentence.

Judgment reversed; sentence vacated.

KELLY and CRENSHAW, JJ., Concur.