BLUE, Acting Chief Judge.
Jerry D. Parrish appeals his convictions for two counts of attempted robbery and one count of battery. Because the trial court erroneously denied Parrish’s request for a jury instruction on theft, we reverse the attempted robbery convictions. In all other matters, we affirm.
Parrish was charged with two counts of attempted robbery in violation of sections 777.04 and 812.13, Florida Statutes (1995). At trial, Parrish requested a jury instruction on petit theft. The State responded that the proper instruction would be for grand theft, not petit theft. The court declined to give any theft instruction.
Parrish contends that the trial court erred in refusing to instruct the jury on petit theft as a lesser included offense of robbery. We agree. The trial court is required to instruct the jury on lesser included offenses necessarily included in the major offense charged. See Fla. R.Crim. P. 3.510. Theft is a necessarily included offense of robbery. See State v. Bruns, 429 So.2d 307 (Fla.1983). The information in this case listed the items that Parrish attempted to take, but failed to allege any value to the property. Therefore, petit theft is the next immediate lesser included offense. See J.C.B. v. State, 512 So.2d 1073 (Fla. 1st DCA 1987).
Accordingly, we reverse Parrish’s convictions for attempted robbery and remand for a new trial. We affirm the conviction and sentence for battery.
Affirmed in part, reversed in part and remanded for a new trial on the attempted robbery convictions.
WHATLEY and STRINGER, JJ„ Concur.