916 So.2d 969 (2005)
Stephanie Sylvia BLANDIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4581.
District Court of Appeal of Florida, Second District.
December 14, 2005.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
*970 Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Stephanie Sylvia Blandin was convicted of four offenses in the trial court. On appeal, she challenges only her conviction on count one of the information for attempted second-degree murder of a law enforcement officer with a firearm. The trial court instructed the jury on this offense as well as on the lesser offense of attempted manslaughter on a law enforcement officer with a firearm. The jury found Blandin guilty of the lesser offense of attempted manslaughter on a law enforcement officer with a firearm, for which Blandin received a fifteen-year sentence. She argues that the trial court should have granted her request for a jury instruction on the additional lesser offense of attempted aggravated battery. We agree. Accordingly, we reverse Blandin's judgment and sentence on count one, and we remand for a new trial on that count only.
Blandin argues that attempted aggravated battery is a valid permissive lesser offense of attempted second-degree murder. The Third District recently addressed this issue. In Washington v. State, 912 So.2d 344 (Fla. 3d DCA 2005), the defendant argued that attempted aggravated battery cannot be a lesser included offense of attempted second-degree murder. The defendant was charged with attempted second-degree murder with the use of a firearm. Because the defendant had discharged a firearm, both attempted second-degree murder with a firearm and attempted aggravated battery with a firearm carried a twenty-year minimum mandatory sentence under section 775.087(2)(a)(2), Florida Statutes (2004). Accordingly, the defendant argued that the penalties for each offense would be the same, and thus attempted aggravated battery could not be a lesser included offense of attempted second-degree murder. Id. at 345-46. The Third District rejected the defendant's argument and explained:
Attempted aggravated battery is a third degree felony punishable up to five years incarceration. Attempted second degree murder is a second degree felony punishable up to fifteen years incarceration. The use of a firearm during the commission of an attempted aggravated battery, pursuant to section 775.087(2)(a), Florida Statutes, reclassified this third degree felony to a second degree felony, punishable up to fifteen years incarceration, while the same statute reclassifies the attempted second degree murder to a first degree felony punishable up to thirty years. See Nesbitt v. State, 889 So.2d 801, 803 (Fla.2004). Thus, even with the imposition of a twenty-year minimum mandatory sentence under section 775.087(1), pursuant to the 10/20/Life Act, attempted second degree murder, which carries a thirty year sentence, would provide a greater punishment than that of the attempted aggravated battery. Consequently, attempted aggravated battery qualifies as a lesser included offense of attempted second degree murder even when a firearm is used.
Id. at 346.
Following the rationale of Washington, we conclude that attempted aggravated battery is a valid permissive lesser offense of attempted second-degree murder in this case. Blandin's charge of attempted second-degree murder of a law enforcement officer with a firearm is a first-degree felony punishable by up to thirty years' imprisonment. See §§ 775.082(3)(b), 775.0823, 775.087(1)(b), 777.04(4)(c), 782.04(2), Fla. Stat. (2001). *971 Attempted aggravated battery is a third-degree felony punishable by up to five years' imprisonment. See §§ 775.082(3)(d), 777.04(4)(d), 784.045(2), Fla. Stat. (2001). Thus attempted aggravated battery and attempted second-degree murder on a law enforcement officer with a firearm carry different punishments, and attempted aggravated battery can be a permissive lesser included offense.
Nevertheless, a jury instruction on a permissive lesser included offense is only permitted if the elements of the lesser offense are alleged in the information and there is proof of those elements at trial. State v. Von Deck, 607 So.2d 1388 (Fla.1992). Count one of the information alleged that Blandin "did unlawfully attempt to commit murder in the second degree. . . by procuring, pointing and attempting to discharge a firearm." A person commits an attempted aggravated battery when he or she commits an attempted battery and either intends to cause great bodily harm or uses a deadly weapon. § 784.045. Although count one of the information did not allege that Blandin intended to cause great bodily harm, it did allege that she attempted to discharge a firearm. Thus the charging document provided a basis for the trial court to give an instruction on attempted aggravated battery.
Additionally, the evidence at trial supported a jury instruction on attempted aggravated battery. In Dixon v. State, 823 So.2d 792 (Fla. 2d DCA 2001), this court affirmed a conviction for attempted aggravated battery where the defendant threatened to shoot a law enforcement officer with the officer's service revolver. In this case, Blandin pulled the officer's firearm from its holster, pointed it at his face, and tried to pull the trigger. This evidence was sufficient to establish the elements of attempted aggravated batterythat Blandin attempted to use a deadly weapon to actually and intentionally touch or strike the officer against his will. See § 784.03, .045.
Because both the information and the evidence supported an instruction on attempted aggravated battery, the trial court erred when it denied Blandin's request for the instruction. Therefore, we reverse Blandin's conviction on count one of the information and remand for a new trial on that count only in accordance with Florida Rule of Criminal Procedure 3.640(a). We affirm Blandin's judgments and sentences on the remaining three counts.
Affirmed in part, reversed in part, and remanded with directions.
WHATLEY and VILLANTI, JJ., Concur.