957 So.2d 595 (2007)
Jackie Cornelius WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC06-594.
Supreme Court of Florida.
May 10, 2007.
*596 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, Robert J. Krauss, Bureau Chief, Tampa Criminal Appeals, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, FL, for Respondent.
PARIENTE, J.
In this case we answer a question certified by the Second District Court of Appeal to be of great public importance:
May the crime of lewd or lascivious battery prohibited by section 800.04(4), Florida Statutes (2002), be a permissive lesser included offense of the crime of sexual battery charged pursuant to section 794.011(3), Florida Statutes (2002)?
Williams v. State, 922 So.2d 418, 422 (Fla. 2d DCA 2006). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we answer the certified question in the affirmative and approve the decision of the Second District.

FACTS AND PROCEDURAL HISTORY
The State charged Williams by information with sexual battery with a deadly weapon or use of force likely to cause serious personal injury under section 794.011(3), Florida Statutes (2002). Williams proceeded to a trial before a jury. At trial, the alleged victim, who was fifteen at the time of the incident, testified that she and Williams, who told her he was nineteen, met and became friends in the fall of 2002. She testified that on a visit to Williams' house in May 2003, Williams violently raped her and then attempted to kill her to keep her from calling the police. During the struggle, she grabbed a pair of scissors from Williams and stabbed him in the shoulder. The struggle moved out of Williams' house and into the street, where a motorist interceded. The alleged victim suffered a cut on her eyebrow requiring seven stitches, cuts on her finger, and a bite mark. There was no indication of *597 trauma to her vulva, hymen, vagina, or cervix.
In a taped interview and again while testifying at trial, Williams, twenty-nine, stated that he and the alleged victim had consensual sex, but she then became aggressive when he said he would not leave his wife and son for her. He stated that she attacked him with scissors, then ran outside and told a woman in a car that Williams raped her and was trying to kill her. The officer who interviewed him testified that Williams had stab wounds and was bleeding from his left bicep and lower leg. Williams testified that the alleged victim had lied to him about her age.
The State requested the trial court to instruct the jury on the lesser included offenses of lewd or lascivious battery under section 800.04(4)(a), sexual battery without physical force and violence likely to cause serious personal injury under section 794.011(5), and simple battery under section 784.03, Florida Statutes (2002). Defense counsel objected to the instruction on lewd or lascivious battery as a lesser included offense, relying on prior case law and further relying on the absence of lewd or lascivious battery from the Schedule of Lesser Included Offenses for the crime charged. Over defense objection, the trial court instructed the jury on lewd or lascivious battery under section 800.04(4)(a) as the first lesser included offense of the charged crime, as follows:
Before you can find the defendant guilty of lewd or lascivious battery, the State must prove the following two elements beyond a reasonable doubt. One, [V.G.] was 12 years of age or older, but less than 16 years of age; and two, that the defendant committed an act upon her in which the sexual organ of the defendant penetrated or had union with the vagina of [V.G.]. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime charged.
The trial court also instructed the jury on sexual battery without physical force and violence likely to cause serious personal injury, under section 794.011(5), which is listed on the Schedule of Lesser Included Offenses as a necessarily lesser included offense of sexual battery under section 794.011(3), and further instructed on simple battery. The jury found Williams guilty of the lesser included offense of lewd or lascivious battery.
On appeal, the Second District rejected Williams' argument that lewd or lascivious battery is under no circumstances a lesser included offense of sexual battery with a deadly weapon or use of actual physical force likely to cause serious personal injury. The Second District determined that the information alleged the statutory elements of lewd or lascivious battery and the evidence at trial supported each of the elements: sexual activity as defined in section 800.04 and a victim age twelve to fifteen. Accordingly, the Second District held that the trial court correctly instructed the jury on lewd or lascivious battery as a lesser included offense. Williams, 922 So.2d at 421. However, because "[i]ssues concerning the 1999 amendments to section 800.04 seem to be arising with some frequency," the Second District certified the question of great public importance as to whether lewd or lascivious battery prohibited by section 800.04(4) can be a permissive lesser included offense of sexual battery charged pursuant to section 794.011(3). Id.

ANALYSIS
The analysis that follows first answers the certified question and explains why lewd or lascivious battery under section 800.04(4)(a) should be considered a permissive lesser included offense of sexual *598 battery with a deadly weapon or physical force likely to cause serious personal injury under section 794.011(3). Second, the analysis shows that the information and evidence presented at trial encompassed the elements of lewd or lascivious battery, justifying an instruction thereon. Because these matters involve solely legal determinations based on undisputed facts, our review of the Second District's decision is de novo. See State v. Florida, 894 So.2d 941, 945 (Fla.2005).

A. The Certified Question
The certified question in this case concerns permissive lesser included offenses. The Court recently explained the distinction between necessary and permissive lesser included offenses:
Lesser included offenses fall into two categories: necessary and permissive. Necessarily lesser included offenses are those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense. State v. Paul, 934 So.2d 1167, 1176 (Fla.2006). A permissive lesser included offense exists when "the two offenses appear to be separate [on the face of the statutes], but the facts alleged in the accusatory pleadings are such that the lesser [included] offense cannot help but be perpetrated once the greater offense has been." State v. Weller, 590 So.2d 923, 925 n. 2 (Fla.1991).
Sanders v. State, 944 So.2d 203, 206 (Fla. 2006) (alteration in original).
Although this Court held in State v. Hightower, 509 So.2d 1078 (Fla.1987), that lewd and lascivious conduct is not a lesser included offense of sexual battery, our decision preceded a major revision to section 800.04 in 1999. In Hightower, we held that "[t]he crime of lewd and lascivious conduct was not and is not a necessarily included offense of the crime of sexual battery." Id. at 1079. In Welsh v. State, 850 So.2d 467 (Fla.2003), we extended this holding to also preclude instruction on lewd or lascivious conduct as a permissive lesser included offense of capital sexual battery. Id. at 468. However, the version of section 800.04 addressed in both Hightower and Welsh provided that lewd or lascivious conduct could only be perpetrated "without committing the crime of sexual battery." § 800.04, Fla. Stat. (1997). This language was eliminated in the 1999 revision, which also created separate subsections for acts defined as lewd or lascivious "battery," "molestation," "conduct," and "exhibition." Ch. 99-201, § 6, Laws of Fla. In Welsh, the Court explicitly refrained from stating an opinion as to whether, under the 1999 revision, "lewd and lascivious conduct is a necessary or permissive lesser included offense of capital sexual battery." 850 So.2d at 471 n. 5. The deletion of the "unique language" in section 800.04 that made lewd or lascivious conduct and sexual battery "mutually exclusive," Hightower, 509 So.2d at 1079, created the possibility that one or more of the offenses specified in that statute could constitute lesser included offenses to sexual battery under section 794.011.
In determining whether lewd or lascivious battery is a permissive lesser included offense of sexual battery with a deadly weapon or physical force likely to cause serious personal injury, the pertinent inquiry is whether the greater crime may be charged in a manner encompassing the lesser.
Section 794.011(3) provides:
(3) A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious *599 personal injury commits a life felony, punishable as provided in s. 775.082, s. 775.083, s. 775.084, or s. 794.0115.
Section 800.04(4)(a) provides that a person who "[e]ngages in sexual activity with a person 12 years of age or older but less than 16 years of age" commits lewd or lascivious battery. The definitions of "sexual battery" in chapter 794 and "sexual activity" in chapter 800 are identical, both described in pertinent part as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." Compare § 794.011(1)(h), Fla. Stat. (2002) with § 800.04(1)(a), Fla. Stat. (2002). Further, sexual activity with a victim age twelve to fifteen violates both provisions. Accordingly, when the State alleges that the victim was between ages twelve and fifteen in a count charging a violation of section 794.011(3) (sexual battery as defined), that charge subsumes lewd or lascivious battery under section 800.04(4)(a) (sexual activity as defined).
Therefore, lewd or lascivious battery is a permissive lesser included offense of sexual battery with a deadly weapon or physical force likely to cause serious personal injury. The certified question should be answered in the affirmative.

B. This Case
An instruction on a permissive lesser included offense is appropriate only if the allegations of the greater offense contain all the elements of the lesser offense and the evidence at trial would support a verdict on the lesser offense. See Welsh, 850 So.2d at 470. If an offense meets the criteria for an instruction and verdict choice as either a necessarily or permissive lesser included offense, the State may insist on its inclusion, even over defense objection. See State v. Johnson, 601 So.2d 219, 220 (Fla.1992) (holding that State has right to instruction on permissive lesser included offense over defense objection); Gallo v. State, 491 So.2d 541, 543 (Fla.1986) (holding that if State declines to consent to defense waiver of instruction on necessarily lesser included offense, waiver is ineffectual and instruction must be given), receded from on other grounds by Gould v. State, 577 So.2d 1302, 1305 (Fla.1991).
In this case, the State alleged the elements of lewd or lascivious battery and presented sufficient evidence to support a verdict thereon. In the information, the State charged both that the defendant committed an act meeting the definition of sexual activity and that the victim was "twelve years of age or older but less than sixteen years of age." These are the two elements of lewd or lascivious battery under section 800.04(4)(a). At trial, the State presented legally sufficient evidence of the sexual activity and age elements of lewd or lascivious battery. The alleged victim testified that she was fifteen at the time of the offense and that Williams' penis penetrated her vagina. In a statement to police and again in his trial testimony, Williams acknowledged that he and the alleged victim engaged in penile-vaginal intercourse and claimed that she had lied about her age.
Williams presented two grounds for his objection to the instruction at trial. First, he pointed to the absence of lewd or lascivious battery from the list of lesser included offenses for sexual battery with a deadly weapon or use of physical force likely to cause serious personal injury under section 794.011(3). However, the Schedule of Lesser Included Offenses included in the Florida Standard Jury Instructions is not the final authority on lesser included offenses. Although the schedule "is presumptively correct and complete," Ray v. State, 403 So.2d 956, 961 n. 7 (Fla.1981), "[t]rial courts are charged *600 with the responsibility to determine and properly instruct the jury on the prevailing law." Standard Jury Instructions in Criminal Cases (95-1), 657 So.2d 1152, 1153 (Fla.1995). Second, Williams relied on Hightower and Welsh, which are inapplicable to the 2002 version of section 800.04, and on State v. Robinson, 771 So.2d 1256 (Fla. 3d DCA 2000), which merely cites to Hightower as authority for its conclusion that lewd and lascivious conduct is not a necessarily lesser included offense of sexual battery. Id. at 1258. Thus, neither of these grounds has merit.[1] Accordingly, the trial court did not err in overruling the defense objection to the instruction on lewd or lascivious battery.

CONCLUSION
Despite its current absence from the Schedule of Lesser Included Offenses for sexual battery with a deadly weapon or use of physical force likely to cause serious personal injury, lewd or lascivious battery under section 800.04(4)(a) is a permissive lesser included offense of a sexual battery charged under section 794.011(3). We therefore answer the certified question in the affirmative and approve the Second District's decision in this case.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] We decline to address Williams' additional argument that the instruction on lewd or lascivious battery constituted reversible error because that offense was equal in degree and potential penalty to sexual battery without great force or violence, the next lower offense on the verdict form. That argument was not presented to either the trial court or the Second District. An issue raised on appeal must first be presented to the lower court, "and the specific legal argument or ground to be argued on appeal must be part of that presentation." Archer v. State, 613 So.2d 446, 448 (Fla.1993) (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985)).