976 So.2d 676 (2008)
Rolando GARCIA, Doc #748408, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4646.
District Court of Appeal of Florida, Second District.
March 19, 2008.
*677 James Marion Moorman, Public Defender, and Christopher Desrochers, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, and Ha Dao, Assistant Attorney General (substituted as counsel of record), Tampa, for Appellee.
SALCINES, Judge.
Rolando Garcia timely appeals his conviction for capital sexual battery. We affirm.
Garcia was charged with capital sexual battery by a person at least eighteen years of age on a child less than twelve years of age for a single offense that occurred sometime between July 11 and July 31, 2004. See § 794.011(2)(a), Fla. Stat. (2004). The information alleged that Garcia "did while being eighteen (18) years of age or older, commit a sexual battery upon T.M.B. (d.o.b.: 11/10/99), a child less than twelve years of age, to-wit: the defendant, with his mouth and/or tongue, had union with the vagina of T.M.[B.], contrary to section 794.011(2)(a), Florida Statutes." At the time of the offense, Garcia was forty-nine years old and the victim was four years, eight months old. Following the return of a guilty verdict by a jury, Garcia was convicted of this capital felony and sentenced to life in prison.
On appeal, Garcia argues that the trial court erred in denying his request to instruct the jury on lewd or lascivious molestation under section 800.04(5)(a), Florida Statutes (2004), as a permissive lesser included offense. Because the statutory elements of lewd or lascivious molestation were not alleged in the information charging Garcia with capital sexual battery, the trial court did not err in denying Garcia's request.
The supreme court has recognized that under the revised version of section 800.04 applicable in the present case, one or more of the offenses specified in that statute might possibly constitute lesser included offenses to sexual battery under section 794.011, despite prior precedent that would suggest otherwise. See Williams v. State, 957 So.2d 595, 597-98 (Fla.2007). The supreme court, in Williams, held that the crime of lewd or lascivious battery prohibited by section 800.04(4)(a), Florida Statutes (2002), may be a permissive lesser included offense of the crime of sexual battery with a deadly weapon or use of force likely to cause serious personal injury charged pursuant to section 794.011(3), Florida Statutes (2002). Williams, 957 So.2d at 598. The supreme court compared sections 800.04(4)(a) and 794.011(3) to determine whether the greater crime could be charged in a manner encompassing the lesser. Id. Like the statutory provisions at issue in the present case, these provisions overlapped in regard to the age range of the victim. However, unlike the lesser offense at issue in the present case, lewd and lascivious battery proscribed "sexual activity" by reference to the chapter's definitional provision, and the definition for sexual activity under chapter 800 was virtually identical to the definition for sexual battery set forth in chapter 794. See Williams, 957 So.2d at 598-99 (comparing section 794.011(1)(h), Florida Statutes (2002), with section 800.04(1)(a), Florida Statutes (2002)). The court determined that "when the State alleges that the victim was between ages twelve and fifteen in a count charging a violation of section 794.011(3) (sexual battery as defined), that charge subsumes lewd or lascivious battery under section 800.04(4)(a) (sexual activity as defined)." Williams, 957 So.2d at 599.
After deciding that the greater offense subsumed the lesser offense, the supreme *678 court addressed whether the charging document filed in the case (the information) and the evidence presented at trial encompassed the elements of lewd or lascivious battery, justifying an instruction thereon. Id. Indeed, upon proper request, a trial court not only is justified but is required to give a jury instruction on a permissive lesser included offense when the information specifically alleges all the statutory elements of the lesser offense and the evidence presented at trial supports the lesser offense. See Jones v. State, 666 So.2d 960, 964 (Fla. 3d DCA 1996) (citing Brown v. State, 206 So.2d 377, 383 (Fla.1968)).
Both the information and the evidence in Williams supported an instruction on the lesser offense. The same cannot be said in the present case. The information alleged that Garcia's "mouth and/or tongue" had union with the child's vagina and that Garcia was at least eighteen and the child was under twelve at the time of the offense. Garcia requested an instruction on the offense of lewd or lascivious molestation under section 800.04(5)(a), which proscribes certain intentional touching "in a lewd or lascivious manner." Specifically, section 800.04(5)(a) states that
[a] person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation.
§ 800.04(5)(a), Fla. Stat. (2004). As set forth above, lewd or lascivious molestation can be committed by intentionally touching the specified anatomical areas of the victim or the clothing covering those anatomical areas "in a lewd or lascivious manner," or by forcing or enticing the victim to so touch the perpetrator. The information in this case did not allege that Garcia touched the victim in a lewd or lascivious manner.
Garcia argues that lewd molestation includes any touching of the genitals and genital area of a person under the age of sixteen, and therefore, any conduct that would constitute capital sexual battery would also constitute lewd molestation. We do not entirely agree. Although a particular act of sexual battery might also subsume the intentional touching (of the specified anatomical areas) element of the lewd or lascivious molestation statute, it does not follow that the particular act was necessarily committed in a "lewd or lascivious manner."[1]
Inasmuch as a conviction for lewd or lascivious molestation would not have been supported by the information filed in this case, the trial court did not err in refusing to give the requested instruction. Accordingly, we affirm.
Affirmed.
CASANUEVA and LaROSE, JJ., Concur.
NOTES
[1] A sampling of statutes from other states, discussed in an overview of statutory rape laws in the United States and the historical basis for their development, reveals that a wide array of statutory language has been developed to address sexual penetration as well as sexual contact between adults and children. See Charles A. Phipps, Children, Adults, Sex and the Criminal Law: In Search of Reason, 22 Seton Hall Legis. J. 1, 55 (1997). Some of those statutes criminalize specified nonsexual acts perpetrated upon the anatomical portion of a child's body understood to include the sexual organs if the requisite intent is demonstrated, i.e., the intent to degrade or humiliate the victim; the intent to arouse or satisfy "aggressive desires"; the intent to "abuse either party"; or the intent to cause "substantial emotional or bodily pain." Id.