43 So.3d 814 (2010)
Darren Nolan CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 1D09-5739.
District Court of Appeal of Florida, First District.
August 25, 2010.
James C. Banks of the Law Firm of Banks & Morris, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Brooke Poland, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Darren Clark appeals his conviction for "strong arm" robbery, arguing that the trial court erred in failing to instruct the jury on the lesser-included offense of "robbery by sudden snatching." Because the information charged all of the elements of "robbery by sudden snatching" and because *815 some evidence supported each element of this immediately lesser-included offense, the failure to give the defendant the jury instruction he requested was "error that is per se reversible." Reddick v. State, 394 So.2d 417, 418 (Fla.1981). Accordingly, we reverse and remand for a new trial.
Appellant was charged with and convicted of "strong arm robbery,"[1] in violation of section 812.13, Florida Statutes (2008). The information alleged that he "did take A PURSE AND CONTENTS THEREIN INCLUDING A WALLET AND A RING. . . from the person or custody of [the victim], with intent to either permanently or temporarily deprive the person or the owner of the said property, and in the course of the taking did use force, violence, assault, or putting in fear, contrary to Section 812.13(2)(c), Florida Statutes." The robbery victim was a college student walking to her apartment when Mr. Clark grabbed her purse, throwing her to the ground. She sustained scratches in the scuffle, two of her sweater buttons came off, and her watchband broke. Evidence of each element of robbery, including each prong of the disjunctive "force, violence, assault, or putting in fear" element, was plainly sufficient. On the basis of the victim's testimony, the jury would have been well justified in convicting the defendant of "strong arm robbery" on the theoryspecifically pertinent herethat the victim had been put in fear. Appellant does not argue otherwise.
But he contends he was entitled to the jury instruction defense counsel below requested on the permissive or category two lesser-included offense of "robbery by sudden snatching," the third-degree felony proscribed by section 812.131, Florida Statutes (2008). In connection with permissive lesser-included offenses, our supreme court has said:
Upon request, a trial judge must give a jury instruction on a permissive lesser included offense if the following two conditions are met: "(1) the indictment or information must allege all the statutory elements of the permissive lesser included offense; and (2) there must be some evidence adduced at trial establishing all of these elements." Jones v. State, 666 So.2d 960, 964 (Fla. 3d DCA 1996) (citing Brown v. State, 206 So.2d 377, 383 (Fla.1968)). We recently reiterated this longstanding rule of law by stating that "[a]n instruction on a permissive lesser included offense is appropriate only if the allegations of the greater offense contain all the elements of the lesser offense and the evidence at trial would support a verdict on the lesser offense." Williams v. State, 957 So.2d 595, 599 (Fla.2007) (emphasis added).
Khianthalat v. State, 974 So.2d 359, 361 (Fla.2008). See also Garcia v. State, 976 So.2d 676, 678 (Fla. 2d DCA 2008) (holding that, "upon proper request, a trial court not only is justified but is required to give a jury instruction on a permissive lesser included offense when the information specifically alleges all the statutory elements of the lesser offense and the evidence presented at trial supports the lesser offense"); Moore v. State, 932 So.2d 524, 527 (Fla. 4th DCA 2006).
The prosecution, as well as the defense, has the right to jury instructions on lesser-included offenses. See State v. Johnson, 601 So.2d 219, 220 (Fla.1992); Williams v. State, 957 So.2d 595, 599 (Fla. *816 2007) ("If an offense meets the criteria for an instruction and verdict choice as either a necessarily or permissive lesser included offense, the State may insist on its inclusion, even over defense objection."). At issue here is a category two, not a category one, lesser-included offense. (In the case of a category one, necessarily lesser-included offense,[2] the very definition of the primary offense subsumes the elements of the necessarily lesser-included offense, an offense which is by definition committed whenever the primary offense occurs. See Sanders v. State, 944 So.2d 203, 206 (Fla. 2006); State v. Paul, 934 So.2d 1167, 1175 (Fla.2006).) "It is reversible error for a trial court to deny a requested instruction on the next lesser-included offense of the one charged, even if it is category two, if the charging instrument and the evidence admitted would support a conviction on the next lesser offense." Moore v. State, 932 So.2d at 527 (boldface omitted).
"Robbery by sudden snatching" is a permissive[3] or category two lesser-included offense of "strong arm robbery," and it is officially listed as such. See Id. ("The schedule of lesser included offenses is designed to be a complete, authoritative compilation that is presumed to be correct and upon which a trial court can confidently rely."); see also Fla. Std. Jury Instr. (Crim.) 15.1 (2009). Because the information against him charged that Mr. Clark committed the offense of robbery by taking the victim's purse from her person or custody by, among other things, "putting [her] in fear," the information alleged all the statutory elements not only of the offense of "strong arm robbery" but also of the offense of "robbery by sudden snatching."[4] allegation that a robbery was accomplished *817 by putting the victim in fear necessarily alleges that the victim "in the course of the taking, . . . was or became aware of the taking." § 812.131(1), Fla. Stat. (2008).
Instructions on completed,[5] lesser-included offenses are required despite ample evidence of the primary, more serious offense. A trial court must charge the jury on a permissive, lesser-included offense "even though the evidence adduced at trial establishing this lesser offense also establishes the charged offense." Jones v. State, 666 So.2d 960, 965 (Fla. 3d DCA 1996). See also, e.g., Amado v. State, 585 So.2d 282, 283 (Fla.1991) (holding the trial court committed reversible error in refusing the requested instruction on simple drug possession in a case in which the charge was trafficking cocaine, even though "the evidence was overwhelming that the amount of drugs involved in this transaction exceeded twenty-eight grams").[6] "Whether the evidence is susceptible of inference by the jury that the defendant is guilty of a lesser offense than that charged is a critical evidentiary matter exclusively within the province of the jury." State v. Bruns, 429 So.2d 307, 309-10 (Fla.1983).
When requested, the trial court must instruct on all permissive, lesser-included offenses except for "any lesser included offense as to which there is no evidence." Fla. R.Crim. P. 3.510(b). See Amado, 585 So.2d at 282-83 ("An instruction on a permissive lesser included offense should be precluded only where `there is a total lack of evidence of the lesser offense.'" (citation omitted)). This is so "because the jury is privileged . . . to exercise its de facto pardon power and acquit the defendant on the charged offense, but convict the defendant on the lesser offense." Jones v. State, 666 So.2d at 965.

*818 [D]espite their suspect pedigree, jury pardons have become a recognized part of the system; so much so that, in direct appeals, "[t]he failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible." Reddick [v. State], 394 So.2d [417,] 418 [(Fla.1981)]. Such a standard is appropriate on direct review because "it would be difficult for an appellate court to conclude beyond a reasonable doubt that a jury in a particular case, given the opportunity, would not disobey the law and grant a pardon." Sanders [v. State], 847 So.2d [504,] 507 [(Fla. 1st DCA 2003)] (quoting Hill [v. State], 788 So.2d [315,] 319 [(Fla. 1st DCA 2001)]).
Sanders v. State, 946 So.2d 953, 959 (Fla. 2006). See Riley v. State, 25 So.3d 1, 4 (Fla. 1st DCA 2008), rev. dis., 26 So.3d 1288 (Fla.2009), (Wolf, J., concurring) ("Although regularly criticized, the concept of a `jury pardon' seems to remain firmly entrenched in Florida law, at least insofar as it relates to determining whether an error is per se reversible on direct appeal."); see also Boland v. State, 893 So.2d 683, 686 (Fla. 2d DCA 2005) (reversible error not to give requested instruction on next lesser-included offense); Applewhite v. State, 874 So.2d 1276, 1279 (Fla. 5th DCA 2004) (same); Overway v. State, 718 So.2d 308, 310 (Fla. 5th DCA 1998) (same).
Where a trial judge instructs the jury on the next lesser-included offense, but fails to instruct on an offense two steps removed, the jury has been given a fair opportunity to exercise its inherent pardon power by returning a verdict of guilty as to the next lower crime, even though it is error not to instruct on all lesser-included offenses. See State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978). But the trial court's refusal, as here, to instruct the jury on the lesser-included offense next below the offense of which the defendant was convicted "constitutes error that is per se reversible." Reddick, 394 So.2d at 418.
Reversed and remanded.
PADOVANO, J., concurs; WOLF, J., concurs with opinion.
WOLF, J., Concurring.
Existing law requires me to concur. If I were writing on a clean slate, however, I would affirm for the reasons expressed in my concurring opinion in Riley v. State, 25 So.3d 1 (Fla. 1st DCA 2008), review dismissed, 26 So.3d 1288 (Fla.2009). Based upon the evidence presented, no reasonable juror could have found that this robbery took place without force. The appellant did not challenge that the robbery took place through the use of force but testified that he was not the perpetrator. While it was error not to give an instruction on the lesser included offense of robbery by snatching, I am convinced beyond a reasonable doubt that it was harmless. Nonetheless, I am constrained to concur in the majority opinion reversing the conviction.
NOTES
[1] Called "strong arm" (or, less frequently, "strong-armed") robberyto differentiate it from armed robbery, a first-degree felony the offense of second-degree robbery in violation of section 812.13(2)(c), Florida Statutes (2008), occurs where "in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon."
[2] Theft is a necessarily included offense in every robbery case. Here, as counsel and the trial court agreed at the instructions conference, no evidence was adduced as to the value of anything taken. "Where the state fails to prove that the stolen property is worth at least $100, a conviction for first degree petit theft must be reduced to second degree petit theft." Ortiz v. State, 36 So.3d 901 (Fla. 4th DCA 2010). See also White v. State, 993 So.2d 611, 614 (Fla. 1st DCA 2008); A.B. v. State, 940 So.2d 585, 586 (Fla. 1st DCA 2006); Parrish v. State, 736 So.2d 752, 753 (Fla. 2d DCA 1999); J.C.B. v. State, 512 So.2d 1073, 1076 (Fla. 1st DCA 1987). Accordingly, second-degree petit theft, as alleged here a misdemeanor of the second degree, § 812.014(3)(a), Fla. Stat. (2008), is a necessarily lesser-included offense.
[3] Robbery by force or violence is possible, at least in theory, without the victim's being aware of what is transpiring. This would explain why the Standard Jury Instructions classify "robbery by sudden snatching" as a permissive (or category 2), not as a necessarily (or category 1) lesser-included offense of robbery. If the robbery victim was surprised from behind and rendered unconscious by the robber unawares, taking of money or other property from the victim could be accomplished by use of force or violence, and support a conviction for robbery in violation of section 812.13, Florida Statutes, but would not support a conviction of robbery by sudden snatching where the victim did not become aware of the taking in the course of the robbery. Here not only force and violence, but also assault and putting in fear, were alleged disjunctively. Legally, it is, of course, "impossible to know on which . . . [theory] . . . the jury's verdict rests." Horn v. State, 677 So.2d 320, 323 (Fla. 1st DCA 1996).
[4] To prove the crime of robbery by sudden snatching in violation of section 812.131(2)(b), Florida Statutes (2008), a third-degree felony, "the State must prove the following four elements beyond a reasonable doubt:" (1) "(Defendant) took the (money or property described in the charge) from the person of [the victim];" (2) "[t]he property taken was of some value"; (3) "[t]he taking was with the intent to permanently or temporarily deprive [the] (victim) or the owner of [his or her] right to the property"; and (4) "[i]n the course of the taking, [the] (victim) was or became aware of the taking." In re Standard Jury Instructions in Criminal CasesReport No. 2008-08, 6 So.3d 574, 586-87 (Fla.2009).
[5] Instructions on attempt are not to be given where "the only evidence proves a completed offense." Fla. R. Cr. P. 3.510(a). Florida Rule of Criminal Procedure 3.510 provides:

On an indictment or information on which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit the offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support the attempt and the only evidence proves a completed offense; or
(b) any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.
In the present case, "robbery by sudden snatching" is the next permissive lesser-included offense of "strong arm robbery" (after attempt), as indicated by the Standard Jury Instruction (Criminal) 15.1 Robbery, pg. 4.
[6] As stated in Nurse v. State, 658 So.2d 1074, 1078 n. 2 (Fla. 3d DCA 1995) dicta receded from on other grounds, Jones v. State, 666 So.2d 960 (Fla. 3d DCA 1996):

[N]owhere in the standard jury instructions is the jury ever instructed that it has the power of a "pardon." However, our law has always been somewhat schizophrenic on this point because in the jury's de facto power to find a defendant guilty of a lesser included offense, Florida law has always recognized that the jury, in fact, has a pardon power. This is so because we routinely acceptand do not set aside based on misconducta verdict where the jury has, in effect, ignored this instruction and found the defendant guilty of a lesser included offense, although it may be convinced based on highly persuasive evidence [and, indeed, such evidence may be uncontradicted] that the charged offense was, in fact, committed; we call such a verdict a "jury pardon" and do not disturb it. This long-standing practice may not be intellectually satisfying to legal purists, but, on the other hand, it allows juries to do substantial justice in extenuating circumstances, something which our law has always prized.