WALLACE, Judge,
Concurring in part; dissenting in part.
The record shows that defense counsel requested an instruction on the lesser in- *1127 eluded offense of unnatural and lascivious act, the trial court understood the request, and the trial court denied the request. For this reason, I conclude that the issue of the trial court’s refusal to give the requested instruction — which the State properly concedes was error — was preserved for appellate review. I .agree with the majority that Wong’s second issue regarding the introduction of collateral crimes evidence is without merit. Accordingly, I concur in part and dissent in part.
I. DISCUSSION

A. Wong was entitled to the requested instruction

The State charged Wong with five counts of lewd or lascivious molestation and one count of lewd or lascivious battery. The crime of unnatural and lascivious act, section 800.02, Florida Statutes (1999-2010),[5] is a category two, permissive lesser included offense of both of the offenses with which Wong was charged. See Fla. Std. Jury Instr. (Crim.), 11.10(b), (c); Lowman v. Moore, 744 So.2d 1210, 1211 (Fla. 2d DCA 1999) (lewd or lascivious assault); Horn v. State, 120 So.3d 1, 2 (Fla. 1st DCA 2012) (lewd or lascivious molestation); Sherrer v. State, 898 So.2d 260, 261 (Fla. 1st DCA 2005) (lewd or lascivious molestation); Williams v. State, 627 So.2d 1279, 1280-81 (Fla. 1st DCA 1993) (lewd, lascivious, or indecent assault).
Florida law concerning ' the circumstances under which a trial court must instruct the jury on a permissive lesser included offense is well-settled. The Florida Supreme Court has summarized the trial judge’s obligation in this regard as follows:
Upon request, a trial judge must give a jury, instruction on a permissive lesser included offense if the following two conditions are' met: “(1) the indictment or information must allege all the- statutory elements of the permissive lesser included offense; and (2) there must be 'some evidence adduced at trial establishing all of these elements.” Jones v. State, 666 So.2d 960, 964 (Fla. 3d DCA 1996) (citing Brown v. State, 206 So.2d 377, 383 (Fla.1968)). We recently reiterated this longstanding rule of law by . stating that “[a]n .instruction on a permissive lesser included -offense is appropriate only if the allegations of the-, greater offense contain all the elements of the lesser offense and the evidence at trial would support a verdict on the lesser, offense.” Williams v. State, 957 So.2d 595, 599 (Fla.2007) (emphasis added).
Khianthalat v. State, 974 So.2d 359, 361 (Fla.2008) (alteration in original); see also Koch v. State, 39 So.3d 464, 466 (Fla. 2d DCA 2010) (citing Blandin v. State, 916 So.2d 969, 971 (Fla. 2d DCA 2005)); Garcia v. State, 976 So.2d 676, 678 (Fla. 2d DCA 2008) (citing Jones v. State, 666 So.2d 960, 964 (Fla. 3d DCA 1996)). If the necessary requirements are met, the trial court has no .discretion to 'refuse to give a requested instruction on a permissive-lesser included offense. -“It is reversible- error for a trial court to deny a requested' instruction on the next lesser-included offense of the one charged, even if it is category- two, if the charging instrument and the evidence admitted would support a conviction ,on the .next lesser offense.” Moore v. State, 932 So.2d 524, 527 (Fla. 4th DCA 2006). If these two requirements are met, the trial court must give the requested instruction. Amado v. State, *1128 585 So.2d 282, 282-83 (Fla.1991); McKiver v. State, 55 So.3d 646, 649 (Fla. 1st DCA 2011). This is so even if the evidence is overwhelming that the defendant has committed the crime charged. Amado, 585 So.2d at 283; Clark v. State, 43 So.3d 814, 817 (Fla. 1st DCA 2010).
The State concedes that Wong was entitled — upon request — to an instruction on the permissive lesser included offense of unnatural and lascivious act. In its answer brief, the State says:
[T]he State would acknowledge that unnatural and lascivious act is a permissive lesser-included offense of lewd and [sic] lascivious molestation and lewd or lascivious battery. The accusatory pleading and the evidence adduced at trial would have supported the lesser-included offense of unnatural and lascivious act. This case is not materially distinguishable from Williams v. State, 627 So.2d 1279 (Fla. 1st DCA 1993), and Horn v. State, 120 So.3d 1 (Fla. 1st DCA 2012).... Thus, assuming this Court found the issue preserved, the State would acknowledge that unnatural and lascivious act is a permissive lesser-included offense of the charged offenses in this case and that the trial court erred in not instructing the jury on this offense.
In light of the teaching of the standard jury instructions, the pertinent case law, and the State’s admirable candor, there can be no doubt that Wong was entitled— upon a proper request — to a jury instruction on the permissive lesser included offense of unnatural and lascivious act.

B. The State’s Preservation Argument

Despite its concession about Wong’s entitlement to the instruction, the State argues for affirmance on the theory that the asserted insufficiency of defense counsel’s request for the instruction on the permissive lesser included offense and the absence of any clear ruling on the request by the trial court were insufficient to preserve the issue for appellate review. In the State’s view, defense counsel’s request for the jury instruction failed to satisfy the contemporaneous objection rule. In order to address the preservation issue, it will be helpful to explore more fully what actually happened at the charge conference in the trial court.

C. The Charge Conference

During the course of the charge conference,[6] the trial judge and counsel “multi-tasked” by repeatedly interrupting the discussion of the proposed instructions to address unrelated issues. Obviously, this manner of proceeding was less than ideal. One of the issues for which frequent interruptions were made was defense counsel’s request for a recess in the trial to allow time for two defense witnesses to arrive from the east coast of Florida.
Wong was represented at trial by privately-retained counsel. The State had assigned two prosecutors to try the case against Wong. During the charge conference, one of the prosecutors initiated a consideration of the possibility of instructing the jury on lesser included offenses by inquiring of defense counsel, “Are you asking for any lessers?” Defense counsel answered, “Let me look at them.” The prosecutor replied helpfully, “There aren’t any category one.... There’s category] two lessers, but [I] don’t have my book out in front of me [to determine] what they are.” (Emphasis added.) Without her book, the prosecutor said, “I’ll grab yours, [defense counsel],” obviously referring to defense counsel’s book. Apparently after consulting his book, defense counsel said, ‘Your *1129 Honor, I’m looking at 11.8,[7] committing unnatural act and lascivious act. 11.8. I don’t know if [the prosecutor] has a copy of that.” It is apparent from this exchange between the prosecutor and defense counsel that the “book” to which they both referred contained a copy of the Florida Standard Jury Instructions in Criminal Cases. Thus both the prosecutor and defense counsel consulted the standard jury instructions at the charge conference in the presence of the trial judge in order to determine the category one and category two lesser offenses that might be appropriate for the crimes with which Wong was charged.
After both the prosecutor and defense counsel had reviewed the possible category two lesser included offenses listed in the “book,” the exchange between defense counsel and the trial judge to which the majority refers proceeded as follows:
[DEFENSE COUNSEL]: Your Hon- or, I don’t know if the State’s in agreement with me on this, category two of a lesser is committing natural — unnatural and lascivious act. I think the evidence does support a lesser of this charge. Defendant is charged, the act was unnatural and lascivious, and unnatural means not in accordance with nature or with normal feelings of behavior, and lascivious, we’ve got the same as lascivious. I would ask for this instruction also to be given as a lesser.
THE COURT: I don’t have to give a lesser for category two.
[DEFENSE COUNSEL]: I understand. I’m asking you. I’m pleading.
THE COURT: I’m going to give your witnesses until 4 o’clock. I’ve been waiting for 25 minutes now.
[DEFENSE COUNSEL]: May I go make a phone call?
THE COURT: Go ahead. Are we set to go?
[THE PROSECUTOR]: I have one thing to address, but I think the defendant needs to be out here.
(Defendant entered the courtroom.)
(Emphasis added.) After Wong returned to the courtroom, a discussion ensued about the nature of the testimony to be elicited from two of the defense witnesses. Then defense counsel called his first witness.
The trial judge’s remark made after defense counsel twice repeated his request for an instruction on the lesser included offense did not address the jury instruction request but instead granted defense counsel’s prior request for a brief recess in the proceedings to allow time for his witnesses to arrive. Thus at the conclusion of defense counsel’s repeated request for the instruction on unnatural and lascivious act, the trial judge said nothing in response and peremptorily directed the discussion to matters unrelated to the jury instructions. Notably, one of the two prosecutors had initiated the discussion of “category] two lessers”; neither of them made any objection to the giving of the instruction requested by defense counsel.

D. The Contemporaneous Objection Rule

In this case, the trial judge watched while defense counsel and one of the prosecutors consulted the Florida Standard Jury Instructions in Criminal Cases to determine the lesser included offenses that were available for the crimes with which Wong was charged. After consulting this *1130 resource,' defense counsel infoniied the trial judge that he was “looking at” the lesser included offense of unnatural and lascivious act. A discussion of unrelated matters followed. Next, defense counsel formalized his request for an instruction on that offense and explained that an instruction on the lesser included offense was justified based on the allegations of the information and the evidence presented. Neither of the two prosecutors objected to the requested' instruction. Thus the trial judge understood that the standard jury instructions listed the requested instruction as a category two, permissive lesser included offense of the crimes charged, that defense counsel had articulated a rationale for the giving of'the instruction, and that the State had not interposed any objection. With these facts clearly before him, the trial judge declared — incorrectly but with considerable assurance — “I don’t have to give a lesser for category two;”
The trial judge’s declaration that he did “hot have to give a lesser for category two” reflects'the trial'judge’s misconception that he had the unbridled discretion to refuse to instruct the jury on category two, permissive lesser included offenses. After the trial judge made this declaration, defense counsel reiterated — not once but twice — his request for an instruction on the lesser included offense. Obviously, the trial judge had heard all he wanted to hear on the subject and believed that his brusque — but mistaken — declaration had disposed of defense counsel’s request. ■ Refusing to respond directly to defense counsel’s twice-repeated reiteration of his request, the trial judge immediately took up the matter of defense counsel’s pending request for a brief recess in the trial. Here, the trial judge’s statement of his mistaken belief that he had the discretion to refuse to instruct the jury on category two, permissive lesser included offenses— coupled with his peremptory direction of the discussion to unrelated matters — was .the equivalent of a declaration that he was exercising his assumed discretion to-decline to instruct on category two -lesser included offenses by declining to give defense counsel’s requested instruction..
I take issue with the majority’s claim that defense counsel’s statement, “I understand,” made in response to the trial judge’s claim that he had the discretion to decline to instruct the jury on category two, permissive lesser included offenses amounted to an acknowledgment and agreement “with the court’s general statement of the law that instructing the jury on category two lessers is not mandatory.” [8] Defense, counsel might have been more prepared for the charge conference, but, he knew better than that. The verb “to understand” is a general term that “can apply to a range of situations or degrees of perception.” The American Heritage Dictionary of the English Language 1889 (5th ed. 2011). When defense counsel said, “I understand,” he was using the term in the sense of “[t]o become aware of the intended meaning of (a person or remark, for example): We understand what they’re saying; we just disagree with it When he began describing his eccentric theories, we could no longer understand him.” Id. Here, defense counsel’s courteous and respectful response to the trial court’s incorrect statement of the law meant only that he understood that the trial court had so ruled and was going to decline to give the requested instruction; it did not indicate agreement with the proposition stated. Indeed, despite *1131 the trial judge’s adverse .ruling, defense, counsel made not one but two more requests that the -instruction on'-unnatural and lascivious act be given. •
The First District’s decision in Truett v. State, 105 So.3d 656 (Fla. 1st DOA 2013), is instructive bn the treatment of remarks by counsel such as, “I understand.” In Truett, defense counsel had filed a notice of intention to claim alibi and asked for a jury instruction on alibi. Id. at 657. A colloquy between defense counsel and the trial judge ensued during which the-trial judge explained why he thought that the defense was not entitled to the requested instruction. Id. at 657-58. In a manner similar to defense counsel’s response of “I understand” in this case, defense counsel in Truett responded, “Okay,” Id. at 658. The trial court did not instruct the jury on the" defense of alibi, and upon being asked if there were “any exceptions or objections with the reading of the instructions,” defense counsel made no objection. Id.
On appeal, Truett argued that the trial court’s failure to instruct on the defense of alibi upon request, was error. Id. The State responded that Truett had “waived the claim he now asserts on appeal by acceding to the trial judge’s explanation of the alibi defense, and the court’s ruling that Truett had failed to adduce sufficient evidence to justify administering the alibi instruction.” Id. at 659, In other words, the State based its lack of preservation argument in Truett — at least in part — on counsel’s neutral statement of “Okay,” made in response to the trial court’s explanation of its reasons for refusing to give the alibi instruction. In addition, the State relied on Truett’s failure to make a specific objection after the reading of the jury instruction in support of its claim of waiver. Id. The State also relied upon the same facts in support of ,a claim that Truett had abandoned his request for the alibi instruction. 1 Id. The First District rejected the State’s claims of waiver and abandonment, reversed Truett’s conviction, and remanded the case for a new trial. Id. at 660. The First District explained its ruling as follows: “The State fails to offer any cases which hold that Truett’s conduct, as reflected in -this record, amounts to abandonment of his claim-.” Id. at 659. Thus Truett stands for the proposition that a respectful response indicating nothing more than counsel’s apprehension that the trial court is making an adverse ruling on a request for a jury instruction does not amount to a waiver or an abandonment of the request. In Wong’s case, similar to Truett, defense counsel’s neutral statement, “I understand,” does not support the State’s argument that Wong failed to preserve his request for an instruction on the permissive lesser included offense;
The majority also faults defense 'counsel for his failure to make an express objection,after the trial judge made it clear that he was refusing to give the requested instruction on the permissive lesser included offense. No such express objection was required. This court has summarized the law concerning what counsel must do to satisfy the contemporaneous objection rule upon the trial court’s refusal to give a requested jury instruction as follows:
The State also argues that, even if the trial court .did err in instructing the jury, the issue was not properly preserved for appeal because defense counsel failed to object to the instructions as. given, While objections with regard to. jury instructions are subject to the contemporaneous objection rule, State v. Delva, 575 So.2d 643, 644-45 (Fla.1991), the objectives of this, rule are satisfied “when the record shows clearly and unambiguously that a request was made for a specific instruction and that .the trial court clearly understood the re *1132 quest and just as clearly denied the request.” State v. Heathcoat, 442 So.2d 955, 956 (Fla.1983). This court, as well as other Florida courts, has repeatedly applied this rule to hold that the issue of failure to instruct on a lesser-ineluded offense was properly preserved once the instruction was requested, regardless of counsel’s failure to object either after the request was denied or after the instructions were given. See, e.g., Flint v. State 463 So.2d 554, 556 (Fla. 2d DCA 1985). In this case, defense counsel properly preserved the issue for appeal by requesting an instruction on the lesser-ineluded offense of battery despite the fact that counsel arguably did not specifically protest the trial court’s denial of that request.
Bryant v. State, 932 So.2d 408, 410 (Fla. 2d DCA 2006); see also Truett, 105 So.3d at 660 (rejecting the State’s argument that defense counsel failed to preserve his request for an instruction on the defense of alibi because he did not object further after the trial judge explained his reasons for denying the request).
In this case, the record shows that defense counsel made a request for an instruction on a specific lesser included offense, Defense counsel’s request was not vague or subject to any misunderstanding. On the contrary, defense counsel expressly referred to section 11.8 of the standard jury instructions, the instruction for “Committing Unnatural and Lascivious Act.” Defense counsel explained the reasons for his request for an instruction on what was a category two, permissive lesser included offense by referring to the allegations of the information and the evidence presented at trial. The trial judge knew that defense counsel had made the request only after consulting the standard jury instructions to determine the available lesser included offenses for the crimes charged. In light of all of the surrounding circumstances, defense counsel’s remarks— though brief — were so clear, direct, and specific that the meaning of and the grounds underlying his request were unmistakable. As noted above, the trial judge’s curt response — “I don’t have to give a lesser for category two” — coupled with this peremptory direction of the discussion to unrelated matters reveals two things. One, the trial judge mistakenly believed that he had the discretion, to refuse to instruct the jury on category two, permissive lesser included offenses. Two, the trial judge intended to exercise that assumed discretion by denying the requested instruction.
After acknowledging but not agreeing with the trial judge’s incorrect statement of the applicable law, defense counsel repeated his request for the instruction two more times by saying, “I’m asking you. I’m pleading.” This was sufficient to satisfy the requirements of the contemporaneous objection rule and to preserve the denial of the requested instruction for appellate review. Defense counsel clearly requested a specific instruction, the trial court understood the request, and the trial court — misunderstanding the requirements of the applicable law — refused to give the requested instruction. Further objection by defense counsel then would have been pointless. See State v. Heathcoat, 442 So.2d 955, 957 (Fla.1983); Hicks v. State, 622 So.2d 14, 17 (Fla. 5th DCA 1993).
I note that defense counsel’s efforts at preservation in this case were just as good — if not better — than the efforts of defense counsel in other cases where the appellate courts rejected similar arguments by the State about an asserted lack of preservation of the refusal to give a requested jury instruction or instructions for appellate review. See, e.g., Fernandez *1133 v. State, 570 So.2d 1008, 1010 (Fla. 2d DCA 1990) (describing defense counsel’s argument in support of the requested instructions as “modest”); Rodriguez v. State, 789 So.2d 513, 515 (Fla. 5th DCA 2001) (“It was enough to simply request the battery charge.”); Jones v. State, 714 So.2d 627, 628 (Fla. 1st DCA 1998) (holding that defense counsel’s request for an instruction on simple battery in a prosecution for battery on a law enforcement officer was sufficient even though defense counsel failed to inform the trial court that battery was a necessarily included offense); Arthur v. State, 717 So.2d 193, 195 (Fla. 5th DCA 1998) (holding that an “admittedly vague argument” for an instruction on self-defense in a prosecution for aggravated assault was sufficient); Holland v. State, 634 So.2d 813, 816 (Fla. 1st DCA 1994) (holding that a request for instructions on necessarily lesser included offenses was adequate for preservation despite the “somewhat ambiguous” state of the record in that regard); Rigdon v. State, 621 So.2d 475, 478 (Fla. 4th DCA 1993) (holding that defense counsel’s argument in support of an instruction on a category two lesser included offense, though “modest,” was sufficient to preserve the denial of the request for appellate review).

E. Distinguishing Watson v. State

The majority cites Watson v. State, 651 So.2d 1159 (Fla.1994), in support of the proposition that Wong failed to preserve the jury instruction issue for appellate review. Watson was convicted of first-degree murder and sentenced to death. Id. at 1160. On appeal, Watson argued that the trial court had failed to properly instruct the jury on when the death penalty was required. Id. at 1164. In determining that Watson had failed to preserve this issue for appellate review, the Florida Supreme Court noted that “the record indicates that Watson failed to object to the jury instructions after the judge instructed the jury, and failed to submit a specific jury instruction, which was denied by the court.” Id. In Wong’s case, unlike in Watson, defense counsel requested a specific instruction from the standard jury instructions that the trial court then refused to give. Thus a further objection was not required, and the issue was properly preserved for appellate review.
II. CONCLUSION
In my view, a fair reading of the record in this case demonstrates that defense counsel satisfied the requirements of the contemporaneous objection rule with regard to his request for an instruction on the lesser offense of unnatural and lascivious act. Assuming that Wong can get over the preservation hurdle, the State admirably concedes that the trial court committed reversible error in refusing to give the requested instruction. Accordingly, I would reverse Wong’s judgment and sentences and remand for a new trial.

. I cite to a span of years for section 800.02 because the offenses with which Wong was charged were alleged to have occurred between January 25, 2000, and May 1, 2011. I note that section 800.02 has not been amended since 1993. -

. I note that Wong was not present for the charge conference.

. Section 11.8 is the standard jury instruction for “Committing Unnatural and Lascivious Act,” section 800.02, Florida Statutes.

. Curiously, the majority does not address the subject of whether the trial judge's "general statement of the law" is correct.