# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-2296
Lower Tribunal No. 2024-CF-001258

_____

MACK NELSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Barbara J. Leach, Judge.

January 16, 2026

NARDELLA, J.

Mack Nelson appeals his conviction for attempted aggravated battery. He contends on appeal that the trial court erred by denying his renewed motion for judgment of acquittal and his motion for new trial because the jury's verdict was legally inconsistent.

Here, the jury found Nelson guilty of attempted aggravated battery. The jury also made special findings that Nelson possessed a firearm during the commission of the crime but did not discharge the firearm. Nelson contends that the jury's finding that he did not discharge the firearm is legally inconsistent with the guilty verdict

for attempted aggravated battery. As the trial court aptly explained in its order denying Nelson's motion, the premise of his argument is flawed.

"As a general rule, inconsistent jury verdicts are permitted in Florida." *Lai v. State*, 397 So. 3d 208, 211 (Fla. 6th DCA 2025). "The exception to the general rule allowing inconsistent verdicts are verdicts that are 'truly inconsistent.'" *Id.* "[T]rue inconsistent verdicts are those in which an acquittal on one count negates a necessary element for conviction on another count." *Id.*

In order to convict Nelson of attempted aggravated battery, the State was required to prove that Nelson (1) intended to commit the crime of aggravated battery, (2) committed an overt act toward the commission of aggravated battery that went beyond mere preparation, and (3) failed to complete the aggravated battery. "[A]ttempted aggravated battery is committed when a person commits an attempted battery and either intends to cause great bodily harm or uses a deadly weapon." *Washington v. State*, 912 So. 2d 344, 346 (Fla. 3d DCA 2005); *see also Blandin v. State*, 916 So. 2d 969, 971 (Fla. 2d DCA 2005).

As the trial court explained, discharge of a firearm is not a necessary element to attempted aggravated battery. Evidence of an attempt to use a deadly weapon to inflict harm is sufficient. *See Blandin*, 916 So. 2d at 971 (evidence that defendant pulled firearm from officer's holster, pointed it at the officer, and tried to pull the trigger was "sufficient to establish the elements of attempted aggravated battery—

2

that [the defendant] attempted to use a deadly weapon to actually and intentionally touch or strike the officer against his will"). And that is what the State's evidence showed here—evidence that a shell casing was stuck in the revolver which was indicative of the gun jamming. We conclude, as the trial court did, that the jury's finding that Nelson did not discharge a firearm is not inconsistent with the finding of guilt for attempted aggravated battery.

Nelson presents no other challenge to the sufficiency or weight of the evidence supporting his conviction. Thus, having concluded that the jury's findings are not legally inconsistent, we affirm.

AFFIRMED.

STARGEL and MIZE, JJ., concur.


Blair Allen, Public Defender, and Asad Ali, Special Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED