# Third District Court of Appeal

**State of Florida**


Opinion filed July 19, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1186
Lower Tribunal No. 09-4484
_____


**Clarence Moore,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler-Mendez, Judge.

Carlos J. Martinez, Public Defender, and Stephen J. Weinbaum, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.


Before ROTHENBERG, C.J., and EMAS and LOGUE, JJ.

EMAS, J.

Clarence Moore appeals from a summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. On appeal, Moore asserts that the record establishes that trial counsel failed to object to improper comments made by the State during closing argument, and further asserts that he was entitled to an evidentiary hearing.

The analysis of a claim of actual ineffective assistance of trial counsel necessarily begins with Strickland v. Washington, 466 U.S. 668 (1984). A claim under Strickland requires the defendant to establish two prongs: constitutionally deficient performance and actual prejudice. As the Strickland Court elaborated:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction. . . resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687.

In assessing the deficient performance prong, the relevant question is: Did counsel's performance fall below an objective standard of reasonableness, when measured under prevailing professional norms? Id. at 688. In assessing the actual prejudice prong, the relevant question is whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" of the proceeding. Id.

Upon our review of the record, and in the context of the evidence and arguments presented at trial, we find that the comments made in closing argument were not improper. It is axiomatic that trial counsel cannot be deemed ineffective for failing to raise a meritless objection. Teffeteller v. Dugger, 734 So. 2d 1009, 1023 (Fla. 1999).

Even if these comments could be characterized as improper,[1] Moore's claim of ineffective assistance of counsel would still fail because he cannot meet the prejudice prong of Strickland. The comments were brief and isolated, any arguable prejudice was slight, and was certainly insufficient to undermine confidence in the outcome of the trial. Had counsel objected to these comments (and the trial court deemed them improper) the objections would have been sustained and a curative instruction given. Thus, there is no reasonable probability

---

[1] On appeal, Moore asserts the State made four improper (and unobjected-to) comments in the course of closing argument. However, only two of those four comments were raised in the operative motion for postconviction relief. Because the remaining two grounds were neither considered nor ruled on by the trial court, they are not preserved for appellate review. See § 924.041(3), Fla. Stat. (2016) (providing: "An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error"); Castor v. State, 365 So. 2d 701, 703 (Fla. 1978) (holding: "As a general matter, a reviewing court will not consider points raised for the first time on appeal."). Nevertheless, even if we considered all four comments raised in this appeal, our determination would remain the same.

that, but for counsel's failure to object, the outcome of the proceeding would have been different or that "trial counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687. We therefore affirm the trial court's order summarily denying Moore's motion for postconviction relief.

Affirmed.