# Third District Court of Appeal

## State of Florida

Opinion filed February 07, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-759
Lower Tribunal No. 10-17058
_____

**Tracy Douglas,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Tracy Douglas, in proper person.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and SALTER and LUCK, JJ.

ROTHENBERG, C.J.

After a jury trial, the appellant, Tracy Douglas ("the defendant"), was convicted of robbery with a firearm. The judgment and sentence were affirmed on

appeal.  <u>Douglas v. State</u>, 100 So. 3d 702 (Fla. 3d DCA 2012).  In 2013, the defendant filed a motion raising eight grounds for postconviction relief based on ineffective assistance of trial counsel.  The trial court summarily denied six of the claims, conducted an evidentiary hearing on two of the claims, and following the hearing, entered an order denying the motion.  Although the defendant raised eight claims, the eighth claim was a cumulative error claim, and he has only specifically addressed five of the individual seven claims on appeal.  We have, however, reviewed all eight claims and affirm.

## SUMMARY OF THE EVIDENCE

At approximately 11:00 p.m. on the night in question, the victim exited a bus with another woman, and they began walking, but then parted ways.  Thereafter, a man, who the victim later identified as the defendant, approached the victim and robbed her of her cell phone at gunpoint.  The victim knocked on the door of a nearby house, where she called the police and reported the robbery.

The victim testified that she got a good look at the robber, whom she recognized from an encounter two or three days prior to the robbery.  The victim had actually been in a car with the man who robbed her, along with her friend, Ashley Hunter, two or three days before the robbery.  Because the victim wanted to provide the name of the man who had robbed her to the police, she contacted Hunter and asked her for the name of the man in Hunter's car.  Hunter told the

2

victim that the man was known as "Bucket." After conducting a search on the internet, the victim identified the defendant as the man who had robbed her. She provided this information to the police and subsequently positively identified the defendant as the man who robbed her at gunpoint in both a pre-trial photo line-up and then again at trial. Records of the stolen cell phone showed calls placed to the defendant's girlfriend and mother the day after the robbery.

At the time of trial, the defendant had five or six pending felony cases, including two first degree murder cases and several robbery cases. The same trial counsel represented the defendant in all of the defendant's cases, and he obtained acquittals in every case that went to trial, including the murder cases, except for the instant case. It appears that the defendant's mother and sisters testified as alibi witnesses in the murder trials.

**THE DEFENDANT'S POSTCONVICTION CLAIMS**

## I. <u>Failure to object to the trial court's response to the jury's request for a transcript of the trial</u>

During jury deliberations, the jury requested "a transcript of the trial." After consultation with counsel for the State and the defendant's counsel, and with the approval of both, the trial court submitted the following response to the jury: "Trial is not transcribed at this time. You must rely upon your recollection, however, read back

3

of certain portion may be available if necessary." We conclude that there was nothing improper or misleading about the trial court's response.[1]

First, we note that the jury asked for a transcript of the trial, not for particular testimony given during the trial. No transcripts had yet been prepared, and therefore, the portion of the response stating that the trial had not been transcribed was accurate and not misleading. Second, the trial court did not mislead the jury into believing that a read-back of the testimony was prohibited or that a request for portions of the testimony to be read back to the jury would not be entertained. In fact, the trial court specifically advised the jury that a read-back of the testimony was available if they needed it. Thus, while the trial court has the discretion to deny a jury's request to have testimony read back to it, see Hazuri v. State, 91 So. 3d 836, 841 (Fla. 2012) ("As a general rule, trial courts have wide discretion in determining whether to grant read-back requests. Indeed, 'courts have found no abuse of discretion even where the trial judge has, without much consideration, entirely rejected the jury's request for a read back.'") (citations omitted), here, the trial court appeared willing to honor such a request if one was made and informed the jury that it could make such a request.

---

[1] The defendant had also alleged that trial counsel was ineffective for failing to object to the trial court's written response to the jury's question, rather than bringing the jury back into the courtroom to answer its question. The defendant has not specifically addressed this ground on appeal and because we conclude that this claim is without merit, we too decline to specifically address it here.

4

We, therefore, completely reject the defendant's claim of ineffective assistance of trial counsel on this ground.

II. **Failure to call the victim's friend, Ashley Hunter as a defense witness**

The defendant claims that his trial counsel provided ineffective assistance by failing to call Hunter at trial. The defendant claims that Hunter was biased against the defendant and because Hunter and the victim were "best friends," Hunter's testimony would have established a motive for the victim to falsely accuse the defendant. The record, however, reflects that: (1) at the time of trial, Hunter's whereabouts were unknown and the State had been unable to locate her; (2) Hunter would have provided critical evidence against the defendant because she had seen the defendant in possession of the victim's cell phone after the robbery; and (3) asserting that Hunter's testimony would have somehow benefitted the defendant was rank speculation because she had not been located or deposed, and she was not called as a witness at the postconviction evidentiary hearing conducted by the trial court. Additionally, the defendant's trial counsel explained at the evidentiary hearing that he had expected the State to call Hunter as a State witness because Hunter would have provided a crucial link between the stolen cell phone and the defendant, and if Hunter had testified at trial, defense counsel would have attempted to cast doubt as to her credibility by trying to establish that there was animosity between Hunter and the defendant's sister.

5

Thus, the record supports the trial court's finding that trial counsel's decision to not call Hunter as a defense witness was a reasonable strategic decision, see Occhicone v. State, 768 So. 2d 1037, 1048 (Fla. 2000) (holding that strategic decisions do not constitute ineffective assistance of counsel). The record also fails to demonstrate prejudice because the defendant has not shown that Hunter was available to testify at trial, see Melton v. State, 949 So. 2d 994, 1003 (Fla. 2006) ("If a witness would not have been available to testify at trial, then the defendant will not be able to establish deficient performance or prejudice from counsel's failure to call, interview, or investigate that witness.") (quoting Nelson v. State, 875 So. 2d 579, 583 (Fla. 2004)(footnote omitted)).

Lastly, we note that the jury was made aware of the bad blood between Hunter and the defendant's sister through the testimony of other witnesses. Thus, if Hunter would have admitted to bias against the defendant or his family, her testimony on that issue would merely have been cumulative. However, had Hunter testified, she also would have provided a key link between the stolen cell phone and the defendant, testimony that only she could have provided. At best, Hunter's testimony would have been a double-edged sword or, at worst, it may have served as a dagger to the heart.

III. **Failure to present an alibi defense**

The defendant asserts that he had told his trial counsel that he was at home at the time the robbery was committed and that his mother and sister would provide him with an alibi to that effect. The defendant's trial counsel, however, disputed that claim at the evidentiary hearing and testified that the first time he had heard that the defendant had a possible alibi or that he wanted to present an alibi defense was when the defendant filed his motion for postconviction relief, approximately two years after the trial. The trial court found defense counsel's testimony credible, noting defense counsel's diligent efforts representing the defendant in several other cases in which he was able to obtain acquittals. Evaluating the credibility of witnesses lies within the sound discretion of the trial court, and because the trial court's finding is supported by competent substantial evidence, we affirm that finding. See Gonzalez v. State, 990 So. 2d 1017, 1024 (Fla. 2008).

The record also reflects that neither the defendant's mother nor his sister could have provided the alibi defense hoped for by the defendant. The defendant's mother worked nights (the robbery was at 11:00 p.m.) and the defendant's sister, who was sixteen at the time of the robbery, testified that she was in bed by 9:00 p.m. each night. Although the defendant's mother and sister testified that the defendant would be home by 10:00 or 10:30 on school nights, neither could

unequivocally say the defendant was home by 10:00 or 10:30 on the night of the robbery.

IV. **Failure to "investigate the crime scene"**

This claim is based on trial counsel's failure to investigate the area where the robbery was committed to determine whether there were any witnesses to the robbery. The trial court summarily denied this claim as the defendant failed to identify the existence of a potential witness, that the witness had anything relevant to say, and that the witness was available for trial. Because the defendant has not demonstrated prejudice, we affirm. See Strickland v. Washington, 466 U.S. 668 (1984); Gutierrez v. State, 27 So. 3d 192, 194 (Fla. 5th DCA 2010) (holding that, to set forth a facially sufficient claim of ineffective assistance of counsel based on counsel's failure to call a witness, the defendant must provide the identity of the potential witness, the substance of the witness's testimony, and demonstrate prejudice based on the omitted testimony); see also Jones v. McNeil, 776 F. Supp. 2d 1323, 1353 (S.D. Fla. 2011) ("Speculation about what witnesses could have said is not enough to establish prejudice.").

V. **Failure to request certain permissive lesser-included offenses**

The defendant contends that the failure to request that the jury be instructed on attempted robbery, grand theft, and robbery by sudden snatching, as permissive lesser-included offenses of armed robbery, constitutes ineffective assistance of

8

counsel. We attach no merit to this argument. See Colletti v. State, 74 So. 3d 497, 499 (Fla. 2d DCA 2011) (holding that to convict the accused of grand theft, the State must prove that the value of the property stolen met the grand theft threshold); Clark v. State, 43 So. 3d 814, 817 n.5 (Fla. 1st DCA 2010) ("Instructions on attempt are not to be given where 'the only evidence proves a completed offense.'") (citing Fla. R. Crim P. 3.150(a)). In the instant case, there was no evidence from which the jury could have found the defendant guilty of attempted armed robbery because the act was completed and there was no testimony offered as to the value of the cell phone. Thus, counsel did not provide ineffective assistance of counsel for failing to request that the jury be instructed on attempted robbery and/or grand theft, category two permissive lesser-included offenses of armed robbery.

As for the category two permissive lesser-included offense of robbery by sudden snatching, although the evidence may have supported such an instruction, the defendant has failed to demonstrate prejudice under Strickland. The crime of robbery by sudden snatching does not require evidence of any force beyond the effort necessary to obtain possession of the property, see § 812.131(1)(a), Fla. Stat. (2010), or that the victim offered any resistance, see § 812.131(1)(b). Robbery, on the other hand, requires that either force, violence, assault, or putting the victim in fear be used during the course of the taking. See § 812.13(1).

9

Because the jury concluded that the State proved the additional robbery requirements beyond a reasonable doubt and the defendant has specifically denied that his argument is based on the possibility of a jury pardon, we conclude that no prejudice has been demonstrated. We, therefore, find that defense counsel did not provide ineffective assistance of counsel by not requesting that the jury be instructed on the permissive lesser-included offenses of grand theft, attempted robbery, and robbery by sudden snatching.

## CONCLUSION

In conclusion, we find no error and affirm the order denying the defendant's motion for postconviction relief.

Affirmed.

LUCK, J., concurs in result only.