# Third District Court of Appeal

## State of Florida

Opinion filed December 2, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0145
Lower Tribunal No. 12-220-A-M
_____

**Benjamin Aquino,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Monroe County, Ruth L. Becker, Judge.

Benjamin Aquino, in proper person.

Ashley Moody, Attorney General, for appellee.

Before SCALES, GORDO and LOBREE, JJ.

LOBREE, J.

Benjamin Aquino (hereinafter the "defendant"), appeals from an order

denying his postconviction motion brought pursuant to Florida Rule of Criminal

Procedure 3.850.  For the reasons discussed below, we affirm.

The defendant argues that his conviction and sentence should be vacated based on the same two claims of alleged ineffective assistance of trial counsel that he attempted to raise on his direct appeal. See Aquino v. State, 276 So. 3d 464, 466 (Fla. 3d DCA 2019).  Specifically, he argues that his trial attorney was ineffective for: 1) failing to make an adequate motion for judgment of acquittal based on the sufficiency of the evidence, and 2) objecting to the State's request to instruct the jury on the lesser included offense of attempted lewd or lascivious conduct.

The facts of the case were summarized on direct appeal as follows:

> The defendant was charged by information with one count of lewd or lascivious conduct. Specifically, the information states that the defendant, a person eighteen years or older, between July 1, 2012 and September 2, 2012, "did unlawfully and intentionally touch C.E.M., a person less than 16 years of age, in a lewd or lascivious manner [or] did solicit C.E.M. to commit a lewd or lascivious act, by grabbing victim and forcing her to sit on his lap and forcibly kissing her neck, contrary to Florida Statute 800.04(6)(a) and (b)."
>
> At the jury trial, the State called C.E.M. ("the victim") and others to testify against the defendant. The victim testified that the defendant and her father were neighbors, and she was friends with the defendant's son, Jonathan. On September 2, 2012, when she was fourteen years old, she walked over to the defendant's home around 11:00 p.m. because her father told her earlier that evening that Jonathan wanted to talk to her. When she arrived, the defendant told her that Jonathan was sleeping, and she entered to confirm that Jonathan was indeed sleeping. The defendant, who was sitting on a couch, grabbed the victim's arm, pulled her onto his lap, and began to kiss her

2

neck while his hands were midway on her thigh. The victim sat on the defendant's lap for about thirty seconds before getting off. The victim thought about leaving, but did not because she remembered a conversation she had with the defendant about sharp knives that were on the wall of his home. The defendant then moved from the couch to a loveseat, and he called her over. Despite being scared, the victim sat next to him on the loveseat. The defendant then told the victim, "You're a beautiful girl. You're not a baby anymore. You're a grownup." The defendant then asked the victim if she knew that he liked her, and in response, the victim said, "No." The victim was wearing a skirt and a tank top with a bathing suit underneath, and the defendant then began to play with the hem of the victim's skirt and asked her to allow him to see her bathing suit. She "swatted his hand away because it felt weird," but she lifted the strap of her tank top and exposed the strap of her bathing suit because she thought if he could see the color of her bathing suit, he would then leave her alone. He also asked the victim if he could have a picture of her. The victim then got "really uncomfortable" and began to exit. As she was exiting, the defendant asked her if she was going to tell anybody, and the victim said, "No."

The victim also testified as to an incident that occurred about two months prior to the September 2nd incident. While at the defendant's home, the defendant wanted to teach his son, Jonathan (who was then about ten years old), how to kiss a girl. The victim testified that the defendant wanted to use her "like a little guinea pig," and the defendant tried to kiss the victim, but she covered her mouth with her hand.

After the State rested, trial counsel moved for a judgment of acquittal, but the motion was not based on the sufficiency of the evidence. Following the denial of the motion, the defendant testified on his own behalf. He testified that the victim did not come over to his home on September 2, 2012 at approximately 11:00 p.m., nothing occurred between him and victim, and the victim was lying.

3

Id. at 466-67.

To prevail on an ineffective assistance of counsel claim pursuant to Strickland

v. Washington, 466 U.S. 668 (1984), a defendant must satisfy two requirements:

> First, the claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined.

Brown v. State, 45 Fla. L. Weekly S229 (Fla. Aug. 27, 2020) (quoting Bolin v. State,

41 So. 3d 151, 155 (Fla. 2010)).

> Regarding Strickland's deficiency prong, there is a "strong presumption" that trial counsel's performance "falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. Moreover, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. The defendant bears the burden to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L. Ed. 83 (1955)).
> Regarding the prejudice prong, "Strickland requires defendants to show 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. ... [A] 'reasonable probability' is a 'probability sufficient to undermine confidence in the outcome.'" Henry v. State, 948 So. 2d 609, 621 (Fla. 2006) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).

4

Id.

In his first claim, the defendant asserts that his trial counsel was ineffective in failing to move for a judgment of acquittal. In order to prove the charge of lewd or lascivious conduct, the State was required to prove three elements beyond a reasonable doubt: 1) the victim was younger than 16 years of age; 2) the defendant intentionally touched the victim in a lewd or lascivious manner; and 3) the defendant was 18 years of age or older at the time of the offense. § 800.04(6)(a) and (b), Fla. Stat. (2012). The age elements as to both the victim and the defendant were not in dispute.[1] Thus, the defendant essentially argues that his counsel should have moved for acquittal on the basis that the State did not prove that he intentionally touched the victim in a lewd or lascivious manner. On direct appeal, we found that there was sufficient evidence from which a jury could determine that the defendant committed the offense of lewd or lascivious conduct based on the victim's testimony, if believed by the jury, and jury instructions on the meanings "lewd" and "lascivious." Aquino, 276 So. 3d at 468.

The defendant contends that the victim's testimony cannot be believed and that she fabricated the allegations against him because she is a troubled teen, who

---

[1] The victim testified that she was under the age of sixteen at the time, and the defendant does not make any claims to the contrary. The arresting officer testified that the defendant was 56 years old. The defendant admitted that he had lived in Marathon, Florida for eighteen and a half years, and thus was clearly over eighteen years old.

just wanted attention. However, when considering a motion for judgment of acquittal, all evidence is viewed in the light most favorable to the State. See Talley v. State, 260 So. 3d 562, 576 (Fla. 3d DCA 2019). "The fact that the evidence is contradictory does not warrant a judgment of acquittal because the weight of the evidence and the witnesses' credibility are questions solely for the jury." Fitzpatrick v. State, 900 So. 2d 495, 508 (Fla. 2005) (citing Morrison v. State, 818 So. 2d 432, 451 (Fla. 2002)). Accordingly, the trial court correctly concluded that the defendant's trial counsel was not deficient, and the defendant failed to prove any prejudice from, the failure to move for a judgment of acquittal on this basis.

The defendant next claims that his attorney rendered ineffective assistance by objecting to the State's request to instruct the jury on the lesser offense of attempted lewd or lascivious conduct. During the charge conference, the State initially requested jury instructions on the lesser charges of battery and attempted lewd or lascivious conduct. Defense counsel objected to the instruction on attempted lewd or lascivious conduct. The trial court found that if the jury believed the victim's testimony, the crime was completed so no instruction on this category two lesser included offense was warranted. The victim's testimony was that the Defendant grabbed her arm, put her on his lap, and kissed her neck, which would establish lewd or lascivious conduct, not attempted lewd or lascivious conduct. The defendant's testimony was that nothing occurred between him and the victim, and that the victim

was lying. As such, the jury could either have found that the defendant committed a completed act, or that he did not, but there was no evidence to support an attempt instruction. See Douglas v. State, 239 So. 3d 157, 162 (Fla. 3d DCA 2018) (citing Clark v. State, 43 So. 3d 814, 817 n.5 (Fla. 1st DCA 2010) ("Instructions on attempt are not to be given where 'the only evidence proves a completed offense.'"). It is axiomatic that trial counsel cannot be deemed ineffective for failing to raise a meritless argument. See Moore v. State, 225 So. 3d 307, 308-09 (Fla. 3d DCA 2017) (citing Teffeteller v. Dugger, 734 So. 2d 1009, 1023 (Fla. 1999)). Therefore, the defense attorney's objection to the inclusion of an attempt instruction was proper. Accordingly, the trial court's order denying the defendant's motion for postconviction relief is affirmed.